## TURNER *v.* STATE.

(In Banc. Dec. 17, 1923.)

[98 South. 240. No. 23649.]

INTOXICATING LIQUORS. *Affidavit for search warrant, not stating belief as to violation, held void.*

Section 1749, Code 1906 (section 2088, Hemingway's Code), provides for the issuance of a search warrant for the enforcement of the statutes against the unlawful keeping and sale of intoxicating liquors, "upon the affidavit of any credible person that he has reason to believe and does believe," etc. An affidavit was made for a search warrant, otherwise complying with said statute, but leaving out the phrase "does believe." *Held:* Laws authorizing searches and seizures are to be strictly construed against the state, and that the defect in said affidavit is not formal but substantial, and said affidavit is void.

SMITH, C. J., dissenting.

APPEAL from circuit court of Humphreys county.
HON. S. F. DAVIS, Judge.

Anderson Turner was convicted of unlawfully manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

*Jones & Womack,* for appellant.

The affidavit instigating the search and seizure was made by the deputy sheriff whom the justice of the peace adjudges as a credible person, that liquors are sold, given away, etc., as authorized by section 2088 of Hemingway's Code, and a warrant is issued thereon, but neither the affidavit, or the warrant, follow the statute, and no evidence is disclosed that bears out the affidavit of the deputy sheriff in any particular. The justice issues a search warrant which does not require the sheriff or his deputy to do and perform the things required by the act under which the warrant is issued, and the deputy

does not undertake to do the things required by law for him to do in said section. In the trial of this cause he does not produce any of the articles he has judged were sufficient to produce liquor by distillation, and the jury is called upon to take the opinion and judgment of the officer unsupported by the devices and materials he claims to have seized, and all of this testimony the defendant objected to.

There was no proof introduced, outside of the confession that any liquor was made, and none that it was made in Humphreys county, outside of the confession. The affidavit, setting forth things to be seized, which were not seized, and the warrant authorizing the seizure of things not seized is equivalent to no description whatever, and no evidence can be introduced of a seizure not particularly described, and it is further directed to the attention of this court that the warrant does not authorize the seizure of any person, but only of certain articles, none of which were found.

It is said in the case of *Giles* v. *United States,* 284 Fed. 208: "That the great weight of authority is that such a warrant shall be specific and complete within itself, and the officer executing and serving it should not be left to ascertain and judge of the requirements of law."

The testimony of both officers discloses that the search of the premises was not consented to, and it is held in case of *Tucker* v. *State,* 90 So. 845, that a blank affidavit and warrant amount to nothing, nor, from the same reasoning would one which detailed a description of property to be searched for, and none of which was found, be a sufficient warrant for the seizure of other effects.

It will be contended that even though the officers were not authorized to make the search and seizure, yet the statements of the defendant are confessions of guilt, but this court has held repeatedly that the *corpus delicti* must be proven *aliunde* a confession. *Williams* v. *State,* 92 So. 584; *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 3.

All laws authorizing searches and seizures must be strictly construed. 25 Am. and Eng. Encyc. Law (2 Ed.), 151, 152; *J. Livelar* v. *State,* 98 Miss. 330, 53 So. 681.

The warrant issued for the search in this case was based upon an affidavit which, though charging that affiant had reason to believe, does not allege a belief that intoxicating liquors were being kept, etc., on the premises, as required by law, and the statute under which the search was endeavored to be made, and the warrant issued. The affidavit is therefore void, and the warrant issued thereon is also void, and any evidence procured under it should have been excluded upon the exception thereto of the defendant, and the court erred in admitting this testimony over such timely objection. In all the authorities I have been able to find upon the subject it is required that probable cause be shown before a warrant shall issue, and this must be based upon an affidavit that the person making the affidavit has "reason to believe, and does believe" and the statute authorizing the issuance of this very particular warrant requires that the affiant believe and allege this belief under oath.

*S. C. Broom,* Assistant Attorney-General, for the state.

The theory of the defense is, first, that the affidavit for search warrant, and the search warrant do not conform to the requirements of section 2088 of Hemingway's Code with reference to search warrants for intoxicating liquor, and that said search was, therefore, an unreasonable search within the meaning of section 23 of the Constitution of the state of Mississippi, and, therefore, under the rule as laid down in the case of *Tucker* v. *State,* 90 So. 845, that any evidence obtained by means of the unlawful search is not admissible on the prosecution of the case.

An examination of the affidavit for search warrant and of the search warrant issued on said affidavit will disclose a substantial compliance with the requirements of section 2088 of Hemingway's Code.

It will be observed that since the enactment of section 2088 of Hemingway's Code, intoxicating liquor, stills, and appliances used in the manufacture of intoxicating liquor have been declared to be contraband, in which no property right exists.

Therefore, in construing section 2088 of Hemingway's Code, with reference to search and seizure of intoxicating liquor or appliances used in the manufacture of intoxicating liquor, it shall be construed in accordance with subsequent progressive legislation with reference to the subject. It should be borne in mind that when this statute was enacted, under some circumstances intoxicating liquor, stills and appliances, etc., were personal property, hence the provision in said section requiring that the writ should be served on the owner or claimant in possession of such liquor, returnable not earlier than five days.

It is contended that there is no proof of the *corpus delicti* herein other than the confession of the appellant, and counsel cite the case of *Cook* v. *State,* 94 So. 161, with which rule we are quite familiar. But the facts in this case do not bring it within the rule laid down in the case of *Cook* v. *State,* but on the contrary it is controlled by the case of *Garner et al.* v. *State,* 96 So. 743.

Now, in the present case we have appellant's confession; we have some liquor actually manufactured, and according to the testimony of the officer, it was very strong, very hot and highly intoxicating. We have the kettle on which the defendant said he manufactured this identical liquor. He demonstrated to the officers how it would be manufactured on the kettle, and in addition to this, we have the pipe, the trough through which the pipe runs; we have a tank and a quantity of mash fer-

mented and ready for distillation. We submit that the proof is most conclusive and that there could be no doubt about the appellant's guilt.

ANDERSON, J., delivered the opinion of the court.

Appellant, Anderson Turner, was convicted in the circuit court of Humphreys county of unlawfully manufacturing intoxicating liquor and sentenced to the penitentiary for two years, from which judgment he prosecutes this appeal.

The entire evidence against appellant, except his confession, was obtained by a search of his home by a deputy sheriff of Humphreys county.

It is contended by appellant that the conviction cannot stand, because all the evidence against him, except his confession was obtained by an illegal search of his home, and therefore, under *Williams* v. *State,* 129 Miss. 469, 92 So. 584, such confession alone was insufficient to establish the *corpus delicti.*

The deputy sheriff obtained a search warrant from a justice of the peace of Humphreys county under section 1749, Code of 1906 (chapter 115, Laws of 1908; Hemingway's Code, section 2088), and thereupon proceeded to search appellant's home and found a still, ten gallons of beer, and a small quantity of whisky. Appellant then voluntarily confessed to the deputy sheriff to having manufactured the whisky so found, and explained how it had been done with the different vessels and parts that constituted said still.

Appellant contends that the search and seizure in question was illegal, because the affidavit on which the search warrant was based was void in that it failed to aver that affiant "does believe," etc., as provided in the statute. Section 1749, Code of 1906; section 2088, Hemingway's Code. Said statute provides, among other things, "upon the affidavit of any credible person that *he has reason to believe and does believe,*" etc. (italics ours), a search warrant shall issue.

Is the affidavit void because the phrase ''does believe'' is left out? It was held by this court, in *Livelar* v. *State,* 98 Miss. 330, 53 So. 681, that statutes authorizing searches and seizures must be strictly construed against the state. That case only followed the rule laid down by the courts without dissent. *Holberg Mer. Co.* v. *State,* 95 Miss. 21, 48 So. 622, 18 Ann. Cas. 819, note; *State* v. *Peterson,* 27 Wyo. 185, 194 Pac. 342, 13 A. L. R. 1284, and note 1316. The legislature saw fit to couple the two phrases together. The statute is mandatory as to what the affidavit shall contain. This is not a mere formal defect; it is substantial. The purpose of the statute is to require the person making the affidavit to purge his conscience by stating in the affidavit, not only that he has good reason to believe the thing charged, but that he does believe it. One may have reason to believe a thing and still not believe it. The reason against its belief may be stronger than the reason in favor of it. In other words, there may be very good reasons for believing either way.

We therefore hold that the affidavit was void and the search and seizure illegal. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, and cases following that including *Ned Owens* v. *State,* 98 So. 235, this day decided.

*Reversed and remanded.*

SMITH, C. J. (dissenting).

I am of the opinion that the evidence was admissible, and that the judgment should be affirmed. My views relative thereto will be found set forth in a dissenting opinion in *Owens* v. *State,* 98 So. 235, this day decided. A confessedly guilty defendant here escapes punishment because of the erroneous rule announced in *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, which case I think should be overruled.