## STATE *v.* WATSON.

(Division B. Dec. 31, 1923.)

[98 South. 241. No. 23654.]

1. INTOXICATING LIQUORS. *Affidavit must aver reason to believe and actual belief that liquors are being kept on premises.*

    Section 2088, Hemingway's Code (Section 1749, Code of 1906), among other things, provides: "Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors . . . are being kept, . . . it shall be the duty of any justice of the peace . . . to issue a search warrant." It is necessary under this section for an affidavit to allege both that the affiant has good reason to believe and does believe.

2. INTOXICATING LIQUORS. *Warrant issued on defective affidavit held illegal.*

    An affidavit alleging only that affiant has good reason to believe is defective, and a search warrant issued upon such defective affidavit is illegal, and no search may be made upon such affidavit and warrant.

3. INTOXICATING LIQUORS. *Officer held not permitted to make search without valid warrant.*

    Where an officer informs a person that he has a search warrant to search his home and the person tells him to go ahead and search, this is not a permission to search without a valid search warrant; it merely allows the search provided the warrant be legal.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Alva Watson was tried and acquitted of having unlawful possession of whisky, and the state appeals. Questions of law decided.

*S. C. Broom*, Assistant Attorney-General, for the state.

There is an assignment of errors filed herein by the county prosecuting attorney of Sunflower county, among other things, specifically objecting to the action of the court in giving Instruction 2, 3, 4, and 5 for the appellee. The error in giving the peremptory instruction is so apparent as not to be necessary to be specifically pointed out. Paragraph 2 of Rule 6 of the Revised Rules of the supreme court, among other things, provides that this court may at its option notice a plain error not assigned or distinctly specified. This peremptory instruction for the defendant is marked "given and filed."

If we should concede for the sake of argument that it was a void search warrant, and if we should concede further for the sake of argument that the search was not invited, it still appears that the defendant voluntarily took the stand in his own behalf and admitted that the liquor was found in his house, and his explanation of its presence there simply raised a question of fact to be determined by the jury as to whether or not he wilfully, unlawfully and knowingly had it in his possession.

Under the case of Blowe v. State, 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429, this court held: "If the defendant as a witness in his own behalf admits in his testimony the only fact which the state has proven as a result of the search of his home without a search warrant, such proof for the state is without harm to the defendant and is, therefore, not reversible error."

This being the law, we see that there was necessarily an issue of fact raised that should have been submitted to the jury. We also see that from this same authority it was error on the part of the trial court to sustain the motion to exclude the search warrant. This ruling of the court should have been withheld until the close of the case, even though the court believed that it was a void search warrant, and even though the court believed that the statute itself was unconstitutional, or even though

the court believed that the statute was constitutional, but that its terms had not been complied with. In other words, the trial court acted hastily and erroneously in excluding the affidavit and the search warrant from the evidence, and if this ruling had been withheld until after the defendant had testified then under the *Blowe case, supra,* it would have been immaterial whether or not the search warrant was defective in any particular, but we do not know upon what theory the court sustained the motion to exclude the search warrant and the affidavit from the record.

The statute provides that when a credible person shall make affidavit to a certain statement of facts as provided for in the statute itself, then the justice of the peace shall issue a search warrant, and in this way they have made it uniform, and eliminated the necessity of submitting to this court the endless number of questions that would be presented had this uniform plan not been adopted.

Our court has had occasion to pass upon the validity of this section of the law in the case of *John Livelar & Company* v. *State,* 98 Miss. 330, 53 So. 681, in which the court said: "Under Code of 1906, section 1749, providing for the issuance of a warrant for search and seizure of intoxicating liquors upon affidavit, the affidavit is insufficient to authorize the issuance of the search warrant unless it uses the words of the statute, or words of similar import."

In other words, the court in substance held that if the affidavit did use the words of the statute, or words of similar import, that it would be sufficient.

Mississippi is not alone in having adopted this simplified method of procedure. The following states have apparently adopted the same rule: Arkansas, Colorado, Delaware, Kansas, Maine, Minnesota, Missouri, Nevada, New Hampshire, North Carolina, New York, Ohio, Rhode Island, South Carolina, South Dakota, Texas, Vermont

and West Virginia. It will be observed that the affidavit, if it does not in fact follow the exact language of the statute, certainly uses language of similar import.

It was held by this court in the case of *Baskin* v. *State,* 92 So. 556, that if the search was consented to, or expressly invited, then no harm was done even though there had been no search warrant, but in this case the defendant testified that he had no intention of consenting to the search.

Now, the great error on the part of the trial court in this case, and the error which doubtless resulted in the acquittal of the defendant is the action of the trial court in having sustained this objection to the search warrant, and having proceeded with the trial on the theory that it was an invited search.

The only issue that should have been presented to the jury in this case was whether or not he knowingly and unlawfully had this liquor in his possession, and they could have been instructed with reference to his consent to search or lack of consent, without emphasizing the defects of the search warrant.

*B. B. Allen,* also for state.

No brief submitted for appellee.

SYKES, P. J., delivered the opinion of the court.

Alva Watson was tried and acquitted of the offense of unlawfully having in his possession more than a quart of whisky. From which judgment of acquittal the state prosecutes an appeal here under section 16, Hemingway's Code (section 40, Code of 1906), under paragraph 2 thereof, which in effect provides that the state may appeal from a judgment acquitting a defendant where a question of law has been decided adversely to the state. In such case, however, the defendant is not subject to be retried.

The state contends that the court erred in excluding the alleged affidavit and search warrant.

Section 2088, Hemingway's Code (section 1749, Code of 1906), among other things, provides: "Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors . . . are being kept, . . . it shall be the duty of any justice of the peace . . . to issue a search warrant."

The affidavit in this case alleges that the affiant "has reason to believe," but does not say in the language of the statute that he "does believe." For failure to further allege that affiant "does believe" that these liquors were possessed this affidavit is fatally defective. There is a material difference between having reason to believe and in fact believing. One may have good reason to believe a thing, but nevertheless not believe it. The affidavit in order to be good must allege both facts, *viz.*, that affiant has good reason to believe and does believe.

Since the affidavit was insufficient, it was improper to issue a search warrant based thereon. Consequently the court was correct in excluding from the consideration of the jury the affidavit and search warrant.

Since the search in this case was unlawful and all of the testimony upon which a conviction was sought was a result of this search, the motion to exclude the testimony of the state should have been sustained. The testimony of the state, in brief, was to the effect that the officers found certain vessels containing liquor in the house of the defendant. The defendant, however, testified in his own behalf, admitted the finding of the liquor in his house, but stated it was the property of some one else. This testimony of the defendant rendered harmless the admission of the incompetent testimony for the state. *Blowe* v. *State,* 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429. The testimony for the state was that when the officers went to the home of the defendant they told him they had a search warrant, and that he said, "All right, come in." It is contended by the state that under this testimony the defendant granted permission for the officers to search

his home.   This testimony, however, only shows that the
defendant agreed to a search under a proper search war-
rant.   It was not a permission to search his home without
a proper warrant.

There were certain instructions granted the defendant
to the effect that before the defendant could be convicted
the jury should believe that he consented to his house
being searched without a search warrant.   In this case
these instructions were rendered improper because the
defendant himself had testified to the finding of the
liquor.

After the defendant himself testified in this case, the
only question then that should have been submitted to the
jury was whether or not he was in possession of this
liquor, or whether it belonged to the other men as testi-
fied to by him.

<div align="right">

*Affirmed.*