PORTER *v.* STATE.*

(Division B.   June 9, 1924.)

[100 So. 377.   No. 24006.]

1. INTOXICATING LIQUORS. *Search warrant, issued on affidavit alleging only good reason to believe, etc., illegal.*

Under section 2088, Hemingway's Code (Laws of 1908, chapter 115), an affidavit for a search warrant which omits the words

"does believe," and alleges only that the affiant has good reason to believe, is fatally defective, and a search warrant issued upon such defective affidavit is illegal.

2. INTOXICATING LIQUORS.   *City clerk has no authority to issue search warrant.*

Under section 2088, Hemingway's Code (Laws of 1908, chapter 115), authorizing the issuance of a search warrant by a justice of the peace, a city clerk has no authority to issue a search warrant.

---

*Headnote 1.   Intoxicating Liquors, 33 C. J., section 373;   2.   Intoxicating Liquors, 33 C. J., section 375.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

Ed Porter was convicted of the unlawful possession of intoxicating liquor, and he appeals.   Reversed and remanded.

*D. B. Cooley,* for appellant.

I.   The only question involved in this appeal is that touching the validity of the affidavit and search warrant. Since the trial of this case in the court below this court has decided that the omission of this phrase "does believe" from the affidavit renders the affidavit void. *Turner* v. *State,* 98 So. 240; *State* v. *Watson,* 98 So. 241.

II.   The search warrant is void because not issued by a justice of the peace.   This search warrant was issued by a deputy city clerk.    Section 1749, Code 1906, provides that a search warrant shall be issued by a justice of the peace.   This court has uniformly held that laws authorizing searches and seizures are to be strictly construed against the state.   *Holberg Mercantile Company* v. *State,* 95 Miss. 21; *Livelar* v. *State,* 98 Miss. 330; *Turner* v. *State* and *Watson* v. *State, supra.*

There being no authority of law for the issuance of a search warrant by a deputy city clerk, it necessarily follows that one issued by him is void.   Since the affidavit

and search warrant are both void, it was error to permit them to be introduced in evidence.

The *Attorney-general* for the state, confesses error.

COOK, J., delivered the opinion of the court.

The appellant, Ed Porter, was convicted in the circuit court of Jones county on a charge of having intoxicating liquor in his possession, and from the conviction and sentence he prosecuted this appeal.

The entire evidence upon which this conviction rests, which was introduced over the objections of appellant, was obtained by means of a search of appellant's wagon under a search warrant issued by a deputy clerk of the city of Laurel. The affidavit on which the search warrant was based was made before a deputy city clerk, and it recites that the affiant—"has reason to believe that intoxicating liquors are being kept or offered for sale or barter, or sold or bartered, or that they are being kept or given away in violation of law in the building described as wagon and occupants and the room described as occupied by Bud Porter in the city of Laurel, Jones county, Mississippi," etc.

The several assignments of error challenge the validity of this search warrant; the first contention of the appellant being that the search and seizure in question was illegal, because the affidavit on which the search warrant was based was void, in that it failed to aver that affiant "does believe," etc., as provided in chapter 115, Laws of 1908 (section 2088, Hemingway's Code). In the cases of *Turner* v. *State,* 98 So. 240, and *State* v. *Watson,* 98 So. 241, it was held that, under chapter 115, Laws of 1908 (section 2088, Hemingway's Code), an affidavit for a search warrant, which omits the phrase "does believe" and alleges only that the affiant has good reason to believe, is fatally defective, and that a search warrant issued upon such defective affidavit is illegal.

The affidavit and search warrant were also void, for the reason that the affidavit was made before, and the search warrant issued by, a deputy city clerk. This precise question was decided in the case of *City of Jackson* v. *John Howard,* 99 So. 497, in which it was held that, under section 2088, Hemingway's Code (Laws of 1908, chapter 115), authorizing the issuance of a search warrant by a justice of the peace, it is only the judge or magistrate before whom a proper affidavit is filed who, after the exercise of his own judgment as to the credibility of the affiant and the sufficiency of the affidavit, may issue a search warrant, and that section 3400, Code of 1906 (section 5930, Hemingway's Code), authorizing the clerk of a municipality to issue process from the municipal court, does not authorize such clerk to issue a search warrant.

It is unnecessary to notice the other criticisms of the affidavit. The affidavit and search warrant being void for the reasons stated, the search and seizure were illegal, and the evidence secured thereby should have been excluded. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *Owens* v. *State* (Miss.), 98 So. 235.

*Reversed and remanded.*