MORRISON *v.* STATE.*

(Division A.   Oct. 12, 1925.)

[105 So. 497.   No. 25101.]

INTOXICATING LIQUORS.  *Affidavit for search warrant held bad in omitting "and does believe."*

Affidavit for warrant for search of premises for liquor, in omitting the words "and does believe," after allegation that affiant "has reason to believe," is fatally defective, and renders illegal search warrant issued thereon.

*Headnote 1.  Intoxicating Liquors, 33 C. J., Section 371 (Anno).

APPEAL from circuit court of Marshall county.

HON. THOS. E. PEGRAM, Judge.

W. H. Morrison was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

*L. A. Smith,* for appellant.

The affidavit was illegal and the search warrant based thereon invalid for the reason that the affidavit did not contain the words "and does believe." This is an essential form of the affidavit, as laid down by the statute, and it must affirmatively appear from the affidavit that the affiant does believe what he has just professed that he had reason to believe. A man may have reason to believe much, and yet believe little or nothing of what

he has reason to believe. Therefore, the law in its wisdom requires not only that an affiant has reason to believe but that he shall clearly and unequivocally state that he does believe, and the entire matter is construed strictly against the state and the affiant. *Turner* v. *State,* 133 Miss. 738, 98 So. 240.

It is necessary that the affiant allege both that he has reason to believe and does believe. *State* v. *Watson,* 133 Miss. 796, 98 So. 241; *Porter* v. *State,* 135 Miss. 789, 100 So. 377.

Evidence obtained under a search warrant based on evidence illegally disclosed under an unlawful search is inadmissible. This has been uniformly held ever since the Tucker case in this state, and needs no citation of authority by me. Therefore, I respectfully insist that the affidavit in this case was illegal and the search warrant void, and the evidence against appellant should have been excluded, according to his motion.

*J. L. Byrd,* Assistant Attorney-General, for the state.

We submit that a reading of the search warrant and affidavit will convince the court that the affidavit and search warrant are both very specific as to the place to be searched. The sheriff described the search and also testified that he made the affidavit for the search warrant and that he had good reason to believe that intoxicating liquors were being kept by the appellant. The justice of peace who took the affidavit testified to the fact that the sheriff did sign the affidavit before him.

This court has held in *Matthews* v. *State,* 100 So. 18, that a search warrant describing the place to be searched as follows: "On the premises occupied by X in District No. 5 about fourteen miles Northeast of Hazlehurst in said county and state," is sufficient. The search warrant in the instant case comes absolutely within the purview of this case. As said in the *Matthews case, supra,* where premises are described sufficiently to en-

able the officer to certainly locate the place to be searched and sufficiently specific and definite to enable the occupant to know from the warrant the place the officer is directed to search, it is sufficient. We respectfully submit that the search warrant in this case met all the requirements of the law and that the evidence obtained by it was properly admitted; that the verdict of the jury was amply sustained by the uncontradicted testimony offered in behalf of the state; that there is no error in this record, and that the cause should be affirmed.

McGOWEN, J., delivered the opinion of the court.

The defendant, W. H. Morrison, was convicted in the lower court of having intoxicating liquors in possession, and a return on the search warrant indicates that he was bountifully supplied, which shows twenty-five gallons of white corn whisky, twenty gallons in glass jugs, five gallons in a keg, one thousand pounds of sugar and one thousand pounds of shorts, several empty kegs, a sack of quart bottles and a case of half-pint bottles.

He was convicted on the testimony of the sheriff of the county and his deputies, who found the liquor in the house owned by and under the control of the defendant, who testified that they found the whisky in the defendant's possession. Seasonable objection was made to the testimony of the sheriff and his deputies, and the material part of the affidavit for a search warrant is as follows:

"State of Mississippi, County of Marshall:

"This day R. D. Ford came and personally appeared before the undersigned, a justice of the peace for the first supervisor's district of said county, and makes oath that he has reason to believe, that intoxicating liquors are being manufactured, possessed, sold, or offered for sale, or given away, in violation of law, in the dwelling house, outhouses, upon the premises, in the automobiles or other vehicles used or occupied by, and on the per-

son of W. H. Morrison at four miles northwest of Cayce on Byhalia & Collierville road, said county and state, and this belief is not feigned of malice against the said W. H. Morrison, but is founded on credible information, in that the affiant has been informed by a credible person that such is a fact.''

It will be noted that the affidavit for search warrant contains the allegation that he has reason to believe and omits the words ''and does believe.'' This case falls squarely within, and is controlled by, the rule announced *in State* v. *Watson,* 133 Miss. 796, 98 So. 241, wherein it is held that to omit the words ''does believe'' renders the affidavit fatally defective, and that a search warrant issued upon such a defective affidavit is illegal.

*Reversed and remanded.*