SELLERS *et al. v.* LOFTON.*

(Division B. March 19, 1928.)

[116 So. 104. No. 27005.]

1. SEARCHES AND SEIZURES. *Affidavit for search warrant must be based on information and belief possessed at time of making affidavit.*

In order to justify issuance of a search warrant, affidavit therefor must be based on information and belief, of which the affiant was possessed at time of making the affidavit, and search cannot be justified on information of affiant obtained during the search.

2. INTOXICATING LIQUORS. *Officer making search without warrant must before search is begun have reason to believe, and must believe, law was being violated (Laws 1925, chapter 244, section 2).*

Where a search is made without a warrant under the authority of Laws 1924, chapter 244, section 2 (Hemingway's Code 1927, section 2239), officer making the search must before the search is begun have reason to believe, and must believe, that the law is being violated, and no part of evidence of probable cause coming to knowledge of officer as result of search can have any bearing on such question.

3. INTOXICATING LIQUORS. *Officers' search of automobile for intoxicating liquor without warrant on ground occupants were driving late and laughing and talking loud held without probable cause (Laws 1924, chapter 244, section 2).*

Search of automobile for intoxicating liquor by officers without a warrant pursuant to Laws 1924, chapter 244, section 2 (Heming-

149 Miss.—54.

way's Code 1927, section 2239), on ground that occupants were driving on streets late at night and were laughing and talking loud, *held* to have been made without probable cause.

4. INTOXICATING LIQUORS. *Instruction that officers making joint search without warrant were each liable for acts of other held not erroneous* (*Laws* 1924, *chapter* 244, *section* 2).

In action against officers and sureties for damages alleged to have resulted from an unlawful search without a warrant pursuant to Laws 1924, chapter 244, section 2 (Hemingway's Code 1927, section 2239), instruction making each officer liable for acts of other in making unlawful search and for what followed as a result of search *held* not erroneous where officers were acting jointly.

5. TRIAL. *Requested instructions in direct conflict with others given held properly refused.*

Requested instructions which were in direct conflict with instructions given for other party *held* properly refused.

6. TRIAL. *Instruction that officers sued for unlawful search could arrest plaintiff if drunk held properly refused, in view of instruction given.*

In action against officers for damages alleged to have resulted from unlawful search of automobile for intoxicating liquor, refusal of instruction that officers had right to arrest plaintiff if they believed him drunk *held* not erroneous, in view of instruction given stating that plaintiff was subject to arrest and imprisonment in case he was drunk.

---

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 679, n. 44, 48; Searches and Seizures, 35Cyc, p. 1266, n. 13; p. 1276, n. 87; Trial, 38Cyc, p. 1605, n. 66; p. 1711, n. 19. As to sufficiency of warrant for search for intoxicating liquor, see annotation in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709; 39 A. L. R. 811; 41 A. L. R. 1539; 24 R. C. L. 707; 3 R. C. L. Supp. 1383; 4 R. C. L. Supp. 1552; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1434.

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Action by Ben Lofton against W. E. Sellers and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*Welch & Cooper,* for appellants.

*Collins & Collins,* for appellee.

Argued orally by *Ellis B. Cooper,* for appellants, and *Jeff Collins,* for appellee.

ANDERSON, J.  Appellee brought this action in the circuit court of the Second district of Jones county, against appellants Sellers and Owen, two policemen of the city of Laurel, and the sureties on their official bonds, to recover damages claimed to have been suffered by appellee at their hands, resulting from an unlawful search of appellee's automobile by them for intoxicating liquor, and for an assault and battery committed by them on appellee during such search, and recovered a verdict and judgment, from which judgment appellants prosecute this appeal.  (For convenience, Sellers and Owen will be referred to as appellants.)

At the instance of appellee, the court directed the jury to return a verdict in his favor.  That action of the court is assigned and argued as error.  The determination of that question turns upon whether there was sufficient evidence to sustain the action of appellants in searching appellee's automobile without having first obtained a search warrant for that purpose, for it was undisputed in the evidence that they had no search warrant.

Section 2 of chapter 244, Laws of 1924 (Hemingway's Code 1927, section 2239), provides, among other things, that it shall be the duty of any policeman in a municipality, "who has reason to believe and does believe" that intoxicating liquor is being transported in violation of law in any automobile, forthwith to make a search of such automobile, and to seize any intoxicating liquor found therein being possessed or transported in violation of law, and to at once arrest the person or persons in possession or control thereof, and that such officer, proceeding in good faith, shall not be liable either civilly or criminally for such a search and seizure without a search warrant.

The trial court, in directing a verdict for appellee on the question of liability, necessarily held that appellants, in making the search of appellee's car without a search warrant, acted without "probable cause." The definition of probable cause given in the statute is that the officer making the search must have reason to believe, and does believe, that there is being possessed or transported, in the automobile to be searched, intoxicating liquor, in violation of law.

The facts and circumstances which are relied on as constituting probable cause for the search were testified to by appellants, whose evidence was in substantial accord. They were as follows: The search of the car took place within the corporate limits of the city of Laurel, between eleven and twelve o'clock at night. The search was made by appellants. Appellee, with his three companions, in appellee's car, was returning to Laurel from Tucker's Crossing. They were laughing and talking loud, and the car they were in was zigzagging. On the night of the search appellants were policing that section of the city together. They observed appellee's car, its manner of proceeding, and the fact that the occupants of the car were talking loud. Appellants were in an automobile. They followed appellee's car a short distance, when appellee's car stopped. Appellants then drove their car a short distance in front of appellee's car, and stopped. The point where appellee's car stopped was in front of a negro house on a much-traveled street in Laurel. Appellants testified that somewhere, before they began to search appellee's car, they smelled whisky—they did not know where or from what direction the smell came; that they proceeded to appellee's car, and searched it thoroughly, and found no intoxicating liquor therein; that appellee resented the search; that appellant Sellers told appellee to get in his car and go on home; that appellee declined to do this; that appellant Sellers then pushed appellee into his car, and that thereupon

appellee threw out his hand and struck appellant in the chest; that appellant Sellers then struck appellee in the mouth with his fist. The evidence showed without conflict that this lick in the mouth cut an ugly gash in appellee's lip, loosening four or five of his teeth; that appellee was then arrested and taken to jail and locked up for half an hour. Appellants testified that when they reached appellee's car the latter was drunk, and the other occupants of the car appeared to have been drinking, but that appellee was not prosecuted for drunkenness.

The testimony on behalf of appellee was to the effect that the car was stopped at the place where it was searched for the purpose of ascertaining whether appellee had a tire puncture; that he and his companions were returning from Tucker's Crossing, about six miles in the country; that they had no intoxicating liquor, and that none of them had drunk any; that appellant Sellers struck appellee in the mouth with a policeman's billy, and not with his fist.

In order to justify the issuance of a search warrant under our statute, the affidavit therefor must be based on information and belief of which the affiant is possessed at the time of the making of the affidavit. The probable cause must exist then. The search cannot be justified on information of the affiant obtained during the search. In other words, at the time the affidavit for the search warrant is made, the affiant must then have reason to believe, and believe, that the law is being violated. Likewise, when a search is made without a search warrant, under the authority of section 2, chapter 244, Laws of 1924 (Hemingway's Code 1927, section 2239), the officer making the search must, before the search is begun, have reason to believe, and believe, that the law is being violated. In other words, probable cause for the search must exist before the search is begun. No part of the evidence of probable cause for the search which comes to the knowledge of the officer as the result

of the search can have any bearing on the question of probable cause. For illustration: A. is transporting liquor in an automobile in violation of law. If that fact was known to the officer, or the officer had information of the fact which he had reason to believe and did believe, he would be authorized to search the automobile without a search warrant. But if without such information and belief the officer makes the search and finds intoxicating liquor in the car being possessed or transported in violation of law, the facts acquired by virtue of the search would be insufficient to constitute probable cause for the search. The search would be illegal, and the evidence of guilt so acquired would be inadmissible against the person owning or controlling the car.

Applying these principles to the undisputed facts, we are of opinion that appellants searched appellee's car without probable cause. Before proceeding with the search the only grounds they had were that appellee and his companions were driving along the streets of Laurel late at night; they were laughing and talking loud, and stopped their car in front of a negro house to see whether or not they had a flat tire. Appellants knew nothing of their drunkenness except what they learned after the search began. There was no error therefore in directing a verdict for appellee on the question of liability.

The giving of the following instruction for appellee is assigned and argued as error:

"You are further instructed for the plaintiff that you should award plaintiff full compensation for all damages, if any, done by the assault, if any, of defendant Sellers, upon plaintiff, taking into consideration all pain and suffering, if any, and all permanent damages, if any; also for all damages, if any, shown by the evidence to have been sustained because of the search of car; also for all damages, if any, shown by the evidence to have been sustained because of putting him in jail. Unless you believe from the evidence he was arrested and put in jail, and

was actually drunk at the time he was put in jail, and if you believe he was actually drunk at the time he was arrested and put in jail, then you cannot award him any damages for the arrest and being put in jail, but only for the unlawful search and assault.''

It will be observed that the instruction told the jury, in effect, appellants were each liable for the acts of the other in making the unlawful search of the automobile and for what followed as a result of the search. We think the instruction embodied the correct principle of law, and one applicable to the case as made by the evidence. Appellants in making the search, which they did jointly, were acting unlawfully. The assault and battery committed on appellee by appellant Sellers, and the imprisonment of appellee after the assault and battery, were the result of the unlawful search. The evidence showed or tended to show that appellant Owen either aided or abetted in whatever unlawful act was committed by Sellers, and likewise appellant Sellers either aided or abetted in whatever unlawful act was committed by appellant Owen. It was a joint venture on their part from the beginning to the end. Whatever one did the other at least tacitly approved. They were joint tort-feasors, and each was liable, not only for his own unlawful acts, but for the unlawful acts of the other.

We are of opinion that the court committed no error in giving instructions for appellee, nor in refusing the instructions requested on behalf of appellants. Some of the instructions refused appellants were in direct conflict with those given for appellee, and were properly refused on that ground. One of the instructions refused appellants is in this language:

''The court instructs the jury if the defendants Owen and Sellers believed Lofton to be drunk at the time and place in question, they had the right to arrest him.''

The court committed no error in refusing that instruction, because in the second instruction given for appel-

lee, copied above, the jury were told that if appellee was drunk he was subject to arrest and imprisonment and they were not authorized to award any damages on that account.

We are of opinion that in the trial of this cause no error was committed by the court denying appellant any substantial right.

*Affirmed.*