ESTES *v.* STATE.*

(Division A.   Feb. 11, 1929.)

[120 So. 444.   No. 27673.]

---

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, section 371, p. 675, n. 1.

*Friday & Windham,* for appellant.

*James W. Cassidy, Jr.,* Assistant Attorney-General, for the state.

Cook, J. The appellant, Grover Estes, was convicted in the circuit court of Prentiss county on a charge of unlawfully having in his possession intoxicating liquors, and from this conviction, and the sentence imposed, he prosecutes this appeal.

The testimony upon which the conviction rests was obtained by means of a search warrant issued upon an affidavit alleging that the affiant "has reason to believe and does believe that intoxicating liquor is being by Grover Estes kept in violation of the laws of the state of Mississippi," etc., and the introduction of this testi-

mony was objected to on the ground that this affidavit, and the search warrant based thereon, were void, and consequently that the search and seizure were illegal. This objection was overruled, and on appeal the appellant assigns as error the admission of the testimony procured by means of this search.

We think the objection to this testimony was well founded. The statute authorizing the issuance of a warrant to search for intoxicating liquors (chapter 244, Laws of 1924; section 2238, Hemingway's 1927 Code) provides, among other things, that:

"Upon the affidavit of any credible person that he has reason to believe and does believe: (1.) That intoxicating liquor is being stored, kept, owned, controlled, or possessed in any building or room in a building, or outhouses or any place, or in any trunk or other receptacle capable of containing or concealing intoxicating liquor for purposes of sale in violation of the laws of the state of Mississippi."

This provision of the statute authorizes the issuance of a search warrant only upon an affidavit alleging that intoxicating liquors are being stored, kept, owned controlled, or possessed for purposes of sale in violation of the laws of the state. There is no authority conferred thereby to issue a search warrant upon an affidavit alleging merely that intoxicating liquors were being kept or possessed in violation of the law, but the allegation must be that such liquor is being kept or possessed for purposes of sale in violation of the law. In the case of *Turner* v. *State,* 133 Miss. 738, 98 So. 240, it was held that this statute is mandatory as to what the affidavit shall contain. The affidavit here involved does not comply with the requirement of this provision of the statute, and it was therefore void, and the search and seizure illegal. The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*