## BOUCHILLON v. STATE.

(Division B. Nov. 1, 1937.)

[177 So. 34. No. 32719.]

**J. B. Hillman,** of Philadelphia, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for the state.

**Griffith, J.**, delivered the opinion of the court.

The principal evidence in behalf of the State was procured as a result of the execution of a search warrant, which was issued upon the following affidavit:
"State of Mississippi,
"Neshoba County.

"Before me, W. J. Kirkland, a Justice of the Peace of said County, J. W. Burt makes oath that on or about the 20th day of February, 1936, in the said county, that one black and white spotted male hog, weight about 130 pounds, the property of the affiant to the value of $12.50 were feloniously stolen, taken and carried away; and affiant suspects Len Bouchillon and Jim Bouchillon as the persons guilty of said crime and that the said stolen articles are now concealed in or about the dwelling house or outhouses connected therewith of the said Len Bouchillon and Jim Bouchillon in said county; and affiant prays a search warrant to search the said premises, and to seize the said goods, if found, and also the body of the said Len Bouchillon and Jim Bouchillon to be disposed of according to law.

"J. W. Burt

"Sworn to and subscribed before me this the 21st day of February, 1936.

"W. J. Kirkland,
"Justice of the Peace"

It will be observed that the affidavit does not contain the words prescribed in section 1357, Code 1930, that affiant "has reason to believe and does believe," which must be inserted preceding the words "that the said stolen articles," etc. The affidavit avers nothing more throughout than a suspicion, which, of course, is not sufficient. Turner v. State, 133 Miss. 738, 98 So. 240; State v. Watson, 133 Miss. 796, 98 So. 241. If search warrants could be issued upon no better foundation than suspicion, section 23 of our Constitution might as well have been omitted.

Reversed and remanded.