LANCASTER v. STATE.

(Division A. April 8, 1940.)

[195 So. 320. No. 33954.]

J. W. Price, of Batesville, and **J. W. T. Falkner,** of Oxford, for appellant.

C. A. Bratton, of Oxford, for appellee.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the appellee.

378

Argued orally by **J. W. Price** and **J. W. T. Falkner,** for appellant, and by **C. A. Bratton** and **W. D. Conn, Jr.,** for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted and convicted in the Circuit Court of Lafayette County of the murder of his wife, and his punishment fixed at life imprisonment in the penitentiary. From that judgment, appellant prosecutes this appeal.

The main questions in the case are: whether the search of appellant's premises was legal or not, and if illegal, whether, or not the testimony of Miss Moore, a material witness for the State, was thereby rendered incompetent.

Appellant and his wife resided alone in her home in Lafayette Springs, a small village in Lafayette County. He was around sixty-two years of age and she around seventy-four. On the 30th of June, 1939, between 12:30 and 1 o'clock in the afternoon, Mrs. Lancaster was found with fatal head injuries at the back steps of their home, and died soon thereafter. Those two were the only persons at the home or on the premises at the time. To those soon arriving on the scene, appellant stated that his wife had fallen and struck her head against the corner of the steps leading into the house, and that caused her death. Later in the day, the sheriff of the county came and appellant made no objection to his going about the place in an effort to get the facts of the case. Later on, he arrested appellant and took him to Oxford and lodged him in jail. Two physicians who examined Mrs. Lancaster testified. Their evidence was that she had seven head injuries, six with a blunt instrument and one with a sharp instrument, and that the injuries caused her death. The sheriff suspected from what he saw and heard that appellant had committed the homicide, and a search of his home and premises might reveal the instrument with which it was done. With that in view, on the next day after the homicide, and after he had arrested and placed appellant in jail, he made affidavit for a search warrant and obtained one, and made a search of the premises, resulting in the finding of an axe in the well on

the place. Both the affidavit and the search warrant used the word "suspects" instead of the language of the statute "has reason to believe, and does believe." Code 1930, section 1357(7). For that reason the search was illegal. Bouchillon v. State, 179 Miss. 791, 177 So. 34; Jones v. State, 180 Miss. 210, 177 So. 35; Winters v. State, 142 Miss. 71, 107 So. 281. The trial court, on the objection of appellant, ruled out the evidence of the sheriff, for that reason. His action in that respect is sustained by numerous decisions of this Court, amongst which are: Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; Owens v. State, 133 Miss. 753, 98 So. 233.

It is argued that the search by the sheriff without warrant was legal because it was merely incidental to a valid arrest by him of appellant. The principle contended for is stated in the work of Search and Seizure by Cornelius (2 Ed.), pp. 178-9. It is there stated: "Some of the courts hold that an officer making a valid arrest has the right to search the building occupied by him to the extent that the offenders' control and activities are likely to extend." We decline to decide whether, in a proper case, we would recognize and enforce that principle, for the reason, in our opinion, if sound, it has no application to the facts of this case. Here, one day there was an arrest on the premises and appellant lodged in jail, and on the next day, the search was made. It was not incident to the arrest. The sheriff had no control at that time over the premises as an incident to the arrest.

It is argued further that the search was valid because appellant gave his consent thereto. There was no attempt to show that appellant gave his consent to the search made on the day after the homicide, during which the axe was found in the well. The record shows that on the day before when the sheriff arrived on the scene, he made no objection to his looking around over the premises. The fact that the owner neither consented nor objected to the search would not constitute a waiver. Smith v. State, 133 Miss. 730, 98 So. 344; Boyd v. State, 164 Miss.

610, 145 So. 618. In the Smith case, the owner of the place said to the searching officer, "All right, you are welcome to find it if you can."

While the search was being made, Miss Moore, whose home was only a short distance from the Lancaster home and on an adjoining lot, stood on her premises and saw the search made by the sheriff and the axe drawn out of the well. Over appellant's objection, she was permitted to testify to those facts. We are of the opinion that the court erred in admitting her testimony. It is true that it was not based on any search that she made, but on one made by the sheriff, which was illegal. Her incompetency is upon the same ground as that of the sheriff. To hold otherwise would mean that bystanders off of the premises being illegally searched would be competent to testify to what the search revealed, although the officer making the search would be incompetent.

Reversed and remanded.