SPANN *v.* STATE

No. 41065 February 16, 1959 108 So. 2d 887

*John Alton Phillips,* Macon, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant owns and operates a small general store in Noxubee County. He was indicted for receiving stolen goods, to-wit, one case of Winston Cigarettes of the value

of $141.60 and one case of 12 gauge Superspeed shotgun shells of the value of $53.20, and was tried and convicted on this indictment and sentenced to serve a period of four years in the state penitentiary, from which he appeals.

 It is necessary only that we consider one of the assignments of error. The whole case against the appellant is based upon a search of the premises on which his store is located, and at this search the sheriff found and confiscated the alleged stolen goods. Prior to the search the sheriff obtained a search warrant and in the affidavit, which was prepared by the county attorney, it was alleged that the goods in question were stolen from Calmes Grocery Company of Brooksville, Mississippi, and that "affiant suspects Jack Spann as the person guilty of said crime". Nowhere in the affidavit was it alleged that the affiant "has reason to believe and does believe that the said stolen articles, or some of them, are now concealed in or about the dwelling house or outhouses connected therewith, of the said Jack Spann", as required by Section 2604 of the Mississippi Code of 1942, nor does the search warrant contain these allegations as required by Section 2605 of the Mississippi Code of 1942.

In the case of Bouchillon v. State, 179 Miss. 791, 794, 177 So. 34, it was specifically held that the words "has reason to believe and does believe" must appear in the affidavit, and the Court said: "The affidavit avers nothing more throughout than a suspicion, which, of course, is not sufficient. Turner v. State, 133 Miss. 738, 98 So. 240; State v. Watson, 133 Miss. 796, 98 So. 241. If search warrants could be issued upon no better foundation than suspicion, Section 23 of our Constitution might as well have been omitted."

Section 23 of the Constitution provides: "The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without proper cause, supported by

oath or affirmation, specifically designating the place to be searched and the person or thing to be seized.''

To the same effect as the Bouchillon case is Jones v. State, 180 Miss. 210, 177 So. 35; and Lancaster v. State, 188 Miss. 374, 195 So. 320.

The appellant did not at any time waive any of his rights under the statute or the constitutional provision, but repeatedly objected to all evidence obtained by the search and at the conclusion of the evidence made a motion for a peremptory instruction, which was overruled, and also requested a written instruction for a verdict of not guilty, which was refused.

We are of the opinion that the judgment of conviction should be reversed and the appellant discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.