BRADY, Justice:
The appellant was convicted in the Circuit Court of Webster County for the unlawful possession of intoxicating liquor, and sentenced to pay a fine of $200 and to serve thirty days in the county jail. From this conviction and judgment, this appeal is prosecuted.
On the afternoon of May 21, 1965, City Marshal Benny Ray of the town of Eupora, Mississippi, while seated in his parked automobile on the side of Highway 82 within the corporate limits of Eupora, looked into the mirror of his car and saw “a ’59 Bonneville Pontiac with two women and two children in it”. The record discloses that this car had been discussed by Marshal Ray and his night men with reference to its being used to transport whiskey. The 1959 Bonneville Pontiac automobile proceeded through Eupora and toward a cafe, locally known as the Blue Goose Cafe, located approximately a half mile outside the municipality. Marshal Ray endeavored to back out from the curb in order to pursue the 1959 Bonneville Pontiac, but on account of traffic approaching from the east going west, he was not able to do so promptly. After getting into the line of traffic Marshal Ray proceeded in the same direction in which the Pontiac was last seen. When Marshal Ray caught up with the Pontiac which he had been pursuing, it had stopped and was parked in front of the Blue Goose Cafe with the trunk lid opened and raised. As Marshal Ray proceeded around the curve in the road which leads to the Blue Goose Cafe, a group of Negroes who were present closed the trunk lid and ran. Marshal Ray proceeded down the road, turned around, and came back into the corporate limits of Eupora. At that time, Mr. Gary,, the County Attorney, was driving in his. pick-up truck in a southwesterly direction along Adams Avenue in Eupora. When he met Marshal Ray and a Mr. Reid, driving northeasterly, Marshal Ray informed him that “something was taking place down at the Blue Goose that he needed to check on”. The record discloses that Marshal' Ray told Mr. Gary about the automobile which he had seen, the kind of car it was,, and where and on whose property it was located.
The record further discloses that Mr. Gary proceeded to drive toward the Blue Goose Cafe, with Marshal Ray and Mr. Reid following him in the car in which they were riding. Mr. Gary continued driving and passed the Blue Goose Cafe. The record discloses that Highway 82 is parallel at this point to a private road which also proceeds in a southwesterly direction and that the private road enters Highway 82 at various points.
Mr. Gary saw a car to his right proceeding along the private road in a southwesterly direction, parallel to the route which Mr. Gary was taking. When Mr. Gary got to the point where the private road turns to the left and enters Highway 82, he stopped his vehicle and the driver of the other car likewise stopped that vehicle. While the record is not entirely clear as to. what transpired, it is apparent that when Mr. Gary stopped his car the appellant had to either run into the side of Mr. Gary’s car or endeavor to pass in front of it, as is shown by the following questions and answers :
“Q. And that you pulled — if you would, Mr. Gary, I would appreciate it if you would go back over exactly *121 what happened there ? I believe you said you stopped your vehicle and that he stopped his.
“A. My remembrance is that he was very nearly approaching the place that he would have to' come out in front of me or into my side and that he stopped first Then I stopped immediately behind him or somewhere in that vicinity and walked up pretty close to his vehicle.
“Q. Now, he stopped first. Did you just want to talk to him or did you have some reason to stop your vehicle and get out?
“A. Not particularly to have any conversation with him individually, no.
“Q. You just decided to stop your vehicle and get out.
■“A. I was down there seeing what was going on in that vicinity.
******
41Q. Did you have probable cause to assume that something was in that vehicle ?
*‘A. I think I ought to testify to the facts and let the Court pass on probable cause, now, the Court and the jury.
“Q. You also stated, Mr. Gary, that you walked up to the car, is that right, and that you looked in the back seat?
■"A. I walked up to the east side of the car, yes.
“Q. And what did you state to the court that you saw?
■“A. This case right here that is marked ‘London’s Distilled Dry Gin’ and one or two beer cases and a few cans of packaged beer that, as I remember, you can see that it is marked beer and the contents and so on and the brand name of it because it has a handle on it; some of that was on the west side of the car, as I remember.”
The appellant was arrested by Mr. Gary, turned over to the town marshal and taken to jail. The record discloses that at the time of the arrest the appellant was driving a 1956 red and black Ford sedan. Numerous assignments of error are made by the appellant, but the disposition of this case requires consideration of only one, namely: Was the arrest, the search and the seizure of the appellant and his automobile made upon probable cause?
At the outset it is to be noted that the information which the town marshal, Mr. Ray, gave Mr. Gary, pertained to a 1959 Bonneville Pontiac automobile which Marshal Ray had seen passing through town, which he had subsequently followed to the Blue Goose Cafe, where the events previously described took place.
The record further indicates that Mr. Gary stated that he immediately proceeded toward the Blue Goose Cafe and on his way to the cafe he met and passed an automobile which he believed was a Pontiac. No effort, however, was made to stop this vehicle which was the only vehicle which had been observed and discussed by any of the interested persons up to this time. Mr. Gary, followed by Mr. Ray, proceeded to the vicinity of the Blue Goose Cafe where • something was supposed to be going on; yet, he did not stop there, nor did he enter. No search warrants had been obtained, and possibly this is the reason why.
A short while later he observed the appellant proceeding down a road which parallels Highway 82 in a 1956 red and black Ford sedan. For some unknown reason, Mr. Gary then proceeded to follow and brought his vehicle to a short, abrupt stop at a point where the parallel secondary road enters the main thoroughfare. Mr. Gary then approached the appellant and looked into the back of his auto *122 mobile where he saw the intoxicating liquor. It does not appear that the appellant was violating any law at the time Mr. Gary forced him to stop his automobile. Mr. Gary stated that he had no intention of stopping the automobile to talk with the appellant and neither Marshal Ray nor Mr. Reid had any information that the appellant was violating any law or had committed any misdemeanor or felony in their presence. It follows, therefore, that the arresting parties did not have probable cause to pursue, arrest and search the appellant’s automobile.
The information given to Mr. Gary that there was “something going on down at the Blue Goose” and .that a 1959 Bonneville Pontiac automobile was supposed to be involved in illegal liquor traffic can scarcely be said to justify the stopping of appellant’s car under the circumstances. Mississippi Code Annotated section 2615 (1956) provides that searches may be made of automobiles without a warrant. However, such searches must be made on probable cause, and the officer making such search must have reason to believe and must believe that intoxicating liquor is being transported. And the information upon which he bases this belief must be of such nature that it would authorize a judicial finding that a search warrant could be issued if the same had been applied for by affidavit of the officer. This provision relative to automobiles, as well as all other provisions relative to search and seizure, are construed strictly against the state. Adams v. State, 202 Miss. 68, 30 So.2d 593 (1947); Ford v. City of Jackson, 153 Miss. 616, 121 So. 278 (1929); Sellers v. Lofton, 149 Miss. 849, 116 So. 104 (1928); McNutt v. State, 143 Miss. 347, 108 So. 721 (1926); State v. Watson, 133 Miss. 796, 98 So. 241 (1923); Turner v. State, 133 Miss. 738, 98 So. 240 (1923).
We pointed out in the case of Ford v. City of Jackson, supra, that: “The pursuit for the purpose of search [of the appellant] was just as much a part of the-search as the act of the officers in laying: hands upon the car and looking into it for the purpose of discovering its contents.” 153 Miss. at 619, 121 So. at 279.
In Sellers v. Lofton, supra, we stated:
“ * * * Likewise, when a search is. made without a search warrant, under the authority of section 2, c. 244, Laws of 1924 (Hemingway’s Code 1927, § 2239), the officer making the search-[of an automobile without a search, warrant] must, before the search is begun,, have reason to believe, and believe, that, the law is being violated. In other-words, probable cause for the search* must exist before the search is begun. No part of the evidence of probable-cause for the search which comes to-the knowledge of the officer as the result of the search can have any bearing on the question of probable cause.” 149 Miss. at 853-854, 116 So. at 106.
See also Smith v. State, 240 Miss. 738, 128 So.2d 857 (1961).
Since Mr. Gary, who made the arrest,, did not have a search warrant at the time- and since the appellant was not violating-any law in the presence of Mr. Gary,, and since the information which Mr. Gary had been furnished in no way related to-the appellant or appellant’s car, it follows-that the court erred in submitting this case to the jury and the peremptory instruction should have been granted the-appellant, because Mr. Gary did not have-such information as would lead “men of ordinary caution, prudence, and good conscience impartially, reasonably and without prejudice upon such facts to believe the accused person guilty, * * * ” McNutt v. State, supra, 143 Miss. at 351, 108 So. at 722. Therefore, probable cause did not exist at the time of the search of appellant or his property by the arresting officer. For these reasons the judgment of the *123 court is reversed and the appellant is ■discharged.
Reversed and appellant discharged.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur. •