SUGG, Justice:
This is an appeal by the State of Mississippi from an order of the Circuit Court of Newton County, Mississippi sustaining a motion of appellee to suppress evidence obtained pursuant to a search of the motor vehicle of appellee on August 22, 1970 without a search warrant and dismissing the case against the appellee.
The evidence shows that two police officers of the City of Meridian, Mississippi, while on routine patrol, stopped at an intersection to let oncoming traffic pass and observed the appellee load two cases in the back of his pickup truck from the Jet Package Store, a whiskey store located in the City of Meridian, Mississippi, their attention being attracted to the appellee because he was wearing a pistol and a badge. One of the police officers had received at least five or six reports within the preced *524 ing three or four months with reference to the appellee being at this particular liquor store.
The officers parked their vehicle nearby and appellee ducked down behind his pickup when he observed the officers. After loading cases in his pickup, appellee proceeded out of Meridian on Mississippi Highway No. 19 where he was followed by the two police officers.
The police officers contacted an enforcement agent of the Alcohol Beverage Control Board by radio who came up behind the two vehicles on Highway 19. About 8 miles out of the City of Meridian the police officers discontinued their surveillance when the Alcohol Beverage Control Board Agent took over the surveillance of appel-lee’s vehicle.
The agent followed appellee’s vehicle until it crossed the county line between Lau-derdale and Newton Counties, and after appellee had travelled about one-half mile into Newton County, Mississippi, he stopped the truck of appellee. When the agent approached appellee’s truck he saw cases labeled whiskey in the back of the truck, searched the vehicle and found three cases of whiskey and one case of wine.
Search was made without a warrant under the provisions of Section 2615 of the Mississippi Code of 1942 Annotated (1956), and the sole question is whether or not the officer had probable cause to make the search without a warrant. In the case of Pass v. Miss., 193 So.2d 119 (Miss. 1966), this Court stated:
However, such searches must be made on probable cause, and the officer making such search must have reason to believe and must believe that intoxicating liquor is being transported. And the information upon which he bases this belief must be of such nature that it would authorize a judicial finding that a search warrant could be issued if the same had been applied for by affidavit of the officer. (193 So.2d at 122).
We hold that there was probable cause for the search of appellee’s vehicle by the agent of the Alcohol Beverage Control Board without a search warrant because the information upon which he based his belief was sufficient to authorize the issuance of a search warrant.
An affidavit for a search warrant may be based on hearsay information and need not reflect the direct personal observation of the affiant. O’Bean v. State, 184 So.2d 635 (Miss.1966). We hold that the same rule applies to searches without a warrant under Section 2615, supra.
The purpose of the enactment of Section 2615, supra, was to provide a prompt method of searching motor vehicles without a search warrant where probable cause exists for such search. Persons could avoid search of their motor vehicles by fleeing if officers were required to delay a search until they could locate a judicial officer and secure a search warrant. The statute effectively prevents this.
By enactment of the Local Option Alcoholic Beverage Control Law, Chapter 540, Laws of Mississippi 1966, the Legislature re-announced the prohibition of the manufacture, sale, distribution, possession and transportation of intoxicating liquor except in those counties voting themselves out from under the prohibition law in accordance with the provisions of the act. Section 10265-108 Mississippi Code of 1942 Annotated (Supp.1971) provides:
If transportation requires passage through a county which has not authorized the sale of alcoholic beverages, such transportation shall be by a sealed vehicle.
Appellee was transporting intoxicating liquor in a dry county in an unsealed vehicle in open view of any person who happened to look into the open bed of the pickup truck. The appellee did not violate any law with reference to intoxicating liquor until he transported it into a dry county in violation of Section 10265-108, supra, but upon carrying the intoxicating *525 liquor into a dry county his possession then became illegal.
Officers may keep persons under surveillance to see if laws are being violated and the officers in this case were acting with due diligence. Since their observation of the appellee was made while they were in and upon the public highways and streets of the State and City of Meridian, such observation violated none of the constitutional rights of the appellee. Proper enforcement of the laws and apprehension of violators require police officers to be alert for probable violations and to act promptly when they note suspicious circumstances such as existed in this case. The public is entitled to protection from law violators afforded by the alert observation of diligent officers.
For the reasons stated the action of the trial court sustaining the motion to suppress evidence is reversed, and the case is remanded for trial.
Reversed and remanded.
RODGERS, P. J., and JONES, BRADY and SMITH, JJ., concur.