KING *v.* STATE.[*]

(Division A.   Oct. 15, 1928.)

[118 So. 413.   No. 27352.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1110, p. 571, n. 93; section 2299, p. 935, n. 68; Intoxicating Liquors, 33CJ, section 377, p. 679, n. 57; section 542, p. 788, n. 75.

*Frank F. Mize* and *Colbert Dudley,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

McGOWEN, J. Appellant, Ira King, was convicted and sentenced in the circuit court of Scott county of having more than one quart of intoxicating liquor in his possession. The conviction rests upon the testimony of the sheriff and his deputies, who, without a search warrant, searched his car and arrested him. The evidence as a whole shows these salient facts: That the sheriff had reliable information that Carpenter had liquor, and that cars were "coming from Carpenter's after liquor," that the sheriff further said that he received his information as to the liquor at Carpenter's from a reliable man, and that he believed the information to be correct because the man was worthy of belief.

From the testimony it seems that the sheriff's information was that people were going to and from Carpenter's house for liquor. The sheriff made affidavit, and procured a search warrant to search the place of Carpenter. He and his deputies started in the direction of Carpenter's

home, and, within less than a mile of Carpenter's they met the defendant and another in a car. The sheriff got out of his car and halted the defendant, who was driving the car, and, after greeting, directed him to move on, when he saw that the man seated by King in the car was McClanehan. Then the sheriff testified, "I happened to see who was sitting by him, I saw it was McClanehan, and I says to myself, 'They have got liquor,' and I opened the back curtain as the car pulled by me." Then he proceeded to say that he saw a ten gallon keg in the car which he afterwards discovered contained whisky.

The sheriff frankly stated that at the time he halted King he had no information that King was in that vicinity, that he had no information that King had liquor in his possession, and that his suspicion was aroused only by the fact that McClanehan accompanied King.

Under these facts there was no probable cause for the search of defendant's car, and the evidence procured by the unlawful search of the car was inadmissible in evidence. See Laws 1924, chapter 244 (Hemingway's 1927 Code, section 2239).

There is nothing in this case to show that the sheriff believed, or had reason to believe, that liquor was being transported in an automobile by the defendant, before he halted the car and made the search; and he had no search warrant therefor.

The appellant requested a peremptory instruction, and, as all the evidence upon which he was convicted was secured by an unlawful search, the instruction should have been given. See *Sellers* v. *Lofton* (Miss.), 116 So. 104; *Hamilton* v. *State* (Miss.), 115 So. 427; *McNutt* v. *State,* 143 Miss. 347, 108 So. 721.

*Reversed and remanded.*