SMITH *et al. v.* STATE.

(Division A.  March 30, 1931.)

[133 So. 240.  Nos. 29236, 29237.]

Jas. **A.** Wiltshire, of Magnolia, and **E. C. Barlow**, of Brookhaven, for appellants.

Jas. **A.** Wiltshire, of Magnolia, for appellant.

58

**Edwin R. Holmes,** Assistant Attorney-General for the state.

**McGowen, J.,** delivered the opinion of the court.

Smith and Stephens appealed from a judgment of the circuit court wherein they were convicted by a jury of unlawfully having intoxicating liquor in their possession.

The conviction was had upon testimony obtained by the sheriff of Pike county and his three deputies. The evidence was objected to on the ground that the state had not shown probable cause for the search. The officers of the law had no search warrant.

The following facts are essential to a decision of the case. On the 24th of September, 1930, E. T. Suddeth and

C. A. Simmons, being deputy sheriffs of Pike county, were carrying a prisoner to Hammond, Louisiana, and at Tangipahoa, Louisiana, these deputies saw the two appellants driving a Chevrolet car. The deputies were going south; the appellants were driving north. The deputies completed their journey and returned to Magnolia, telephoned the sheriff, Ellzey, that the negroes were en route, and called on him to go with them to Osyka and catch the negroes. The sheriff, accompanied by Brent, his deputy, and these two deputies, proceeded to Osyka in the nighttime, and when the officers reached the railroad crossing the appellants saw them and turned back, the officers tried to stop them, and when the officers were recognized, the appellants fled in the car. The officers pursued them, and then the occupants of the car began throwing gallon jugs of whisky therefrom. They had twelve gallons of whisky in gallon containers, eight of which were broken and four of which were not broken. This evidence, together with the whisky and containers, was offered and permitted by the court to go to the jury over the objection of the appellants.

On the question of probable cause, Deputy Sheriff Suddeth testified that on that day Sheriff Ellzey had informed him that these two appellants would pass through Pike county with whisky. There is reference to a letter from the sheriff of Lincoln county, but the contents of that letter do not appear in this record. Sheriff Ellzey was not introduced as a witness in the case, nor is it shown what information he had, nor from what source it came, as to the appellants hauling whisky through Pike county. The only evidence upon which probable cause is based in this case is the statement by the sheriff of Pike county to his deputy, detailed above. The deputy sheriff was acting in obedience to the orders of his principal, the sheriff, at the time of the search, at the time the effort was made to halt the appellants, and

at the time they were pursued and until the appellants threw the whisky from the car.

We cannot agree with the court below that probable cause exists here. This was the sheriff's raid, personally conducted in the instant case, but it would have been his raid and his search if it had been conducted by his deputy sheriffs in his absence, if conducted by the deputies with his knowledge and consent. Knowledge of the cause for the raid, this record discloses, was that of the sheriff. He may have had abundant information that would have constituted probable cause and been entirely sufficient to warrant this search, but this record is barren of proof of it.

The argument so frequently presented to this court that probable cause means actual knowledge such as would prove the suspected fact in a court of law is entirely erroneous. The view we entertain of probable cause and how to prove it is found in the opinion of Judge STONE, speaking for the Supreme Court of the United States, in the case of Richard Husty and Charles Laurel v. United States, 51 S. Ct. 240, 241, 75 L. Ed. —, wherein it is said: "The Fourth Amendment does not prohibit the search, without warrant, of an automobile, for liquor illegally transported or possessed, if the search is upon probable cause; and arrest for the transportation or possession need not precede the search. . . . To show probable cause it is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act. . . . It is enough if the apparent facts which have come to his attention are suficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched." See, also, Loeb v. State, 133 Miss. 883, 98 So. 449.

In this behalf the act of the deputy was the act of his principal, the sheriff, whether the sheriff was physically

present at the time of the search or not. If the sheriff's act would be unlawful, then the deputy's act would be unlawful. It was as if the sheriff told himself that the appellants would haul whisky through Pike county on that night. This is not sufficient to constitute probable cause. We are at a loss to understand why the sheriff of the county was not offered as a witness to show the information upon which he acted. In this case the evidence obtained by the unlawful search both by himself and his deputies was incompetent, and the conviction herein cannot stand.

Under the holding of this court in the case of Ford v. City of Jackson, 153 Miss. 616, 121 So. 278, the search of appellants' car began when the officers sought to halt them while they were driving in their car and continued while the officers were in pursuit, which case was approved in Lenoir v. State (Miss.), 132 So. 325.

The evidence should have been excluded, and the appellants were entitled to the refused peremptory instruction.

Reversed, and appellants discharged.