WALTERS v. STATE.

(Division B. Oct. 24, 1932.)

[143 So. 847. No. 30218.]

**Ovie L. Berry,** of New Hebron, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant, with a companion, was passing through the town of Poplarville, in a Ford car. A deputy sheriff noticed that the car seemed to be heavily loaded, and that it was proceeding along one of the back streets of the town and had a flat tire. This deputy communicated this information to another deputy, and it was then suggested that the two deputies follow the automobile. This was done, and at a short distance outside of the town limits they overtook the car which had stopped alongside the road, where appellant and his companion had alighted from the car and were inspecting the flat tire. The deputy who actually made the search said that, when he came into the immediate presence of appellant and his companion, he noticed that the two parties were about half drunk, whereupon he proceeded to search the car, and found hidden therein a ten-gallon keg of whisky. Appellant and his companion were then arrested, and charged with the unlawful possession of intoxicating liquors.

Upon the trial, the only evidence against the appellant, sufficient to convict, was that of the deputy sheriff who found the liquor as a result of the search above mentioned, and which was without a search warrant. Appellant objected to this evidence, and moved to exclude it, and finally requested a peremptory instruction on the ground that the said search was unreasonable— which is to say, was without probable cause. The rulings of the trial court were adverse to appellant, and he was convicted and sentenced.

The attorney-general, in his brief, confesses that the facts upon which the officers acted in making the search were not of sufficient probative force to constitute probable cause, and we agree with that view. Moore v. State, 138 Miss. 116, 103 So. 483; Hamilton v. State, 149 Miss. 251, 115 So. 427; Sellers v. Lofton, 149 Miss. 849, 116 So.

104; King v. State, 151 Miss. 580, 118 So. 413; Chrestman v. State, 148 Miss. 673, 114 So. 748; Ford v. City of Jackson, 153 Miss. 616, 121 So. 278; Smith v. State, 160 Miss. 56, 133 So. 240.

Reversed and remanded.