BOYD *v.* STATE.

In Banc. May 9, 1949.

(40 So. (2d) 303)

**Deavours & Hilbun,** for appellant.

**J. Ed. Franklin**, also for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**McGehee, C. J.**

The evidence on which the appellant, P. H. Boyd, was convicted of the unlawful possession of intoxicating liquor was obtained upon a search by the offcers under a search warrant issued by a justice of the peace at the instance of a deputy sheriff, who had carried to the justice of the peace a signed form of affidavit, bearing the signature of the sheriff, substantially in the form prescribed by Section 2616, Code 1942, as an affidavit for a search warrant for intoxicating liquors. However, the sheriff had signed this printed form of affidavit at his office at Raleigh in Smith County, and did not appear before the justice of the peace, who received the alleged affidavit and issued the search warrant at Taylorsville, in said county, some fifteen miles or more from where it was signed by the alleged affiant.

The trial court sustained a motion of the defendant to exclude the affidavit and search warrant on the ground that the form of affidavit had not been signed or sworn to before the justice of the peace, or any other officer who is authorized to administer oaths. However, the court admitted the evidence obtained in the search of the premises of the defendant to the extent of that portion of the whiskey found in the automobile of the defendant, which was parked in his garage and which formed a part of the building in which the defendant had his place of business and residence. This evidence was held to be competent upon the theory that the officers had a right to search the automobile without a search warrant upon probable cause for believing that the same was being used in the unlawful transportation of intoxicating liquors by the defendant to his said place of business for sale.

The correctness of this ruling of the trial court is dependent (1), on whether or not the proof discloses that the sheriff had probable cause for searching the automobile without a warrant within the meaning of the pre-

vious decisions of this Court in that behalf; or (2), whether or not the right to search an automobile on probable cause for so doing would entitle the officer to invade the private premises and possessions of the defendant without a search warrant after the automobile has left the highway, completed its journey, and come to rest in a garage built onto the residence and store building of the defendant. We confine our decision to the second question above stated.

The State has filed on this appeal by the appellant a cross-assignment of error under and by virtue of the authority of Section 1153, Code 1942, as to the action of the trial court in excluding the affidavit and search warrant and the evidence obtained thereunder by the search, and has asked that we decide the issue raised as to the sufficiency of the affidavit, and the validity of the search warrant issued pursuant thereto, in the light of the failure of the sheriff to appear personally before the justice of the peace and sign the affidavit in the presence of such officer; that is to say, whether or not the charge contained in the form of affidavit, signed by one known to the justice of the peace to be a credible person, to the effect that the sheriff "has reason to believe, and does believe, that intoxicating liquor is being stored, kept, owned, controlled or possessed by the accused for the purposes of sale in violation of law", etc., was in fact sworn to by the sheriff.

Aside from the fact that Section 1153, Code 1942, supra, expressly provides that "All questions of law thus presented (on a cross-assignment of error by the state) shall be decided by the Supreme Court", it is necessary that we decide the issue above mentioned in the instant case, for the reason that in our opinion the competency of the evidence, upon which the conviction was had, is dependent entirely upon whether or not the officers did have a valid search warrant issued pursuant to a sufficient affidavit in that behalf; since we are of the opinion that if the sheriff had probable cause for search-

ing the automobile in question without a search warrant, based upon information within the personal knowledge of his informant, as required by the decision in the case of McGowan v. State, 184 Miss. 96, 185 So. 826, and the cases therein cited, he would not have been authorized to invade the place of residence, store, and garage of the defendant for such purpose, or to go on his premises to make a search, for the reason that Section 2615, Code 1942, granting authority for searching an automobile for intoxicating liquors without a search warrant, contains the provision that "this section shall not authorize the search of a residence or home or room or building or the premises belonging to or in the possession lawfully of the party suspected, without a search warrant." In view of Section 23 of the Constitution of 1890, it would have been wholly unnecessary to insert the above quoted provision in Section 2615, supra, unless the legislature had intended thereby to make it clear that an officer should not go upon the private premises of a citizen without a search warrant and search his automobile on probable cause for believing that it contained whiskey.

Moreover, the statute by its very terms is only intended to give the right to make "a reasonable search of such vehicle and to seize any intoxicating liquor so found being transported or being attempted to being (be) transported in violation of law and at once to arrest the person or persons in possession or control thereof and transporting or attempting to transport the same in violation of law; . . ."

In the instant case there were four officers waiting on the highway near the place where the automobile in question turned into the defendant's driveway to enter his garage. Neither of them attempted to stop the automobile and search the same before it had completed its journey and reached its destination in the garage. The sheriff and his deputies had arrived at Taylorsville within about a mile of the residence, place of business, and the garage of the defendant at about 4 o'clock in the af-

ternoon, when and where the sheriff obtained information relied on as constituting probable cause for searching the automobile, and they had from that time until nearly 11:30 that night in which to make a proper affidavit and obtain a legal search warrant for the search of the entire premises of the defendant. There were two justices of the peace at Raleigh during this interval, one at the nearby town of Mize, and it was shown that Asa Glenn, the justice of the peace who had "by remote control" taken the affidavit of the sheriff in his absence and issued the search warrant on the streets of Taylorsville at about 1 o'clock that afternoon, had returned to Taylorsville from a trip to Laurel during the afternoon, and was at home from about dark until the search of the store and garage was made during the said late hour of that night.

In making the said search at the premises of the defendant, the proof discloses that after the defendant had left his automobile in the garage on his return from Laurel, the officers, after knocking at the building and receiving no response broke into the same, served a copy of the alleged search warrant in question on the defendant, proceeded to search his store building underneath his living quarters, and then went into the garage from the store and searched the automobile. That they found whiskey in both the store building and in the automobile, which was parked in the garage, and that the whiskey taken from the automobile was introduced in evidence and the testimony of the officers in regard to finding the same was given before the jury; and it was upon this evidence that the conviction was had.

It should be noted here that it is not the theory of the prosecution that the officers entered the place of residence, business, and garage of the defendant for the purpose of arresting him as for a misdemeanor committed in their presence. They did not actually know that he had the whiskey which was found in the automobile and later introduced in evidence, until after they had served

a copy of the alleged search warrant on him; and this is true regardless of what they may have really believed in regard to the recent transportation of whiskey in the said automobile. On the contrary, it is the theory of the State that they had a right to enter his garage and search the automobile on probable cause for making the search without a warrant. But this theory was for the first time relied upon for a conviction after the trial court had excluded the alleged affidavit and search warrant,—that is to say, the search was made in reliance upon the alleged search warrant, a copy of which was delivered to the defendant in the store building, as hereinbefore stated.

Most assuredly, it was never contemplated by Section 2615, Code 1942, supra, authorizing the search of an automobile without a search warrant, that an officer would be permitted to invade the private premises of a defendant without a search warrant and search an automobile in his garage after the same has come to rest at the completion of the journey during which intoxicating liquors had been unlawfully transported. However, we do not mean to hold that an automobile must be actually moving when intercepted on the highway in order that a search thereof may be authorized. It may be searched on probable cause for so doing if it is driven off the traveled portion of the highway for any purpose while the same is en route to the place to which the intoxicating liquors are being transported and when its continuous travel along the highway has been temporarily interrupted, whether the automobile is at the time actually on the highway or has departed therefrom to avoid a search, or for some other temporary purpose.

As to the validity of the search warrant under which this search was made, it is provided by Section 23 of the Constitution of 1890, which we quote in full as follows: "The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, support-

ed by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.''

 The search warrant in the instant case was not ''supported by oath or affirmation''.

In the case of Atwood v. State, 146 Miss. 662, 11 So. 865, 51 A. L. R. 836, wherein an affidavit for a search warrant was held to be sufficient, the opinion of the Court states: ''The affidavit for the search warrant was signed by the affiant in the presence of the justice of the peace for the pupose of obtaining such warrant. It is true that the justice of the peace did not require the affiant to hold up his hand to be sworn, nor was there any formal oral administration of the oath to the affiant by the justice of the peace; but the evidence shows, without conflict, that both the affiant and the justice of the peace knew and realized that an oath was necessary before a search warrant could be obtained, and that they considered what was done at the time the oath was signed by the affiant and the warrant issued by the justice of the peace to be sufficient in law to constitute an oath. . . . In short, the evidence shows that the person making the affidavit for the search warrant went to the justice of the peace, and told him that he wanted to make the necessary affidavit for the search warrant that was afterwards isued. The affidavit was thereupon prepared, the affiant signed it in the presence of the justice of the peace, and the latter affixed his jurat thereto. . . .''

We are, therefore, of the opinion that the Atwood case, supra, is distinguishable on its facts from the case at bar, and we are unable to agree with the suggestion that because the sheriff is an officer of law and charged with the duty of enforcing the laws against the unlawful possession of intoxicating liquor, his signed form of affidavit is a sufficient compliance with the said Section 23 of the Constitution, when he does not personally appear before the justice of the peace or other officer issuing the search warrant; that is to say, we do not think that the issuance of the search warrant in the instant case

was "supported by oath or affirmation" before the officer issuing the same, as contemplated by the Constitution.

It is, therefore, the opinion of the Court that the evidence upon which the conviction is based in the instant case was illegally obtained and was, therefore, inadmissible before the jury.

Reversed, and judgment here for the appellant.