BROOKS *v.* WYNN, SHERIFF.

In Banc. May 8, 1950.

No. 37500 (46 So. (2d) 97)

W. P. Searcy, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**Smith, J.**

Armed with a warrant to search the "dwelling or outhouses connected therewith", for "money and other chattels", allegedly stolen, and for which theft suspicion was alleged to rest upon appellant, a group of officers repaired to his place of business in Holmes County, handed him the search warrant and placed him under arrest. The officers' testimony as to the arrest is contradictory, one of them stating he had a capias to arrest appellant for assault and battery with intent to kill and murder the Town Marshal of Duck Hill in Montgomery County; while the sheriff of that county said there was no such warrant, and none, he said, was needed to make such arrest lawful.

There was no search warrant for intoxicating liquors. The visit of the officers was not motivated by any purpose, information, or even suspicion having to do therewith.

No stolen property was found, but after the search therefor was finished, one of the officers demanded of appellant that he surrender the keys to his automobile parked on the highway near by. Probably under the belief that the officers had a search warrant authorizing it, appellant surrendered the keys, a search was made of the car, and whiskey was found in the trunk thereof. It is to be remembered here that the officers had no warrant to search the car for anything, either stolen goods or intoxicating liquors. Furthermore, there is not any evidence that the car had transported the liquor. So far as the record shows it might have been loaded in the car preparatory only to transportation. There is no evidence of actual transportation or that the officers had any reason to suspect the use of the car in violation of the law with reference to intoxicating liquors, or that they had any reliable information from a creditable person to that effect. Nevertheless, they unlocked and searched

the car and found the whiskey therein, which, we think was an unlawful, and, therefore, an unreasonable search.

The car itself was turned over to the Sheriff of Montgomery County, whereas appellant's place of business was in Holmes County, where the search and seizure were made, as stated supra. It was driven to Duck Hill so that the sheriff could exhibit it to the marshal and a citizen thereof for identification or not in the case involving the shooting there previously, forming the basis of the charge of assault and battery with intent to kill and murder the marshal, on the part of appellant. This, we have condemned in a companion case decided today, styled Brooks v. State, 46 So. (2d) 94, to which reference is made for our views thereasto and the facts of the assault and battery case.

However, manifestly the car must have been subsequently returned to the Sheriff of Holmes County, because he later filed a sworn declaration in the circuit court of said county, stating he had the car in his possession and praying for an order of sale thereof, because, as alleged therein, "said automobile was so seized after a lawful search disclosed that a large quantity of intoxicating liquor was concealed in said automobile and that said automobile was being used as a means to violate the provisions of Chapter 3 of Title 11 of the Mississippi Code of 1942", and so forth.

To this declaration, appellant filed a sworn answer setting up the alleged illegality of the search and seizure of the automobile, he was not operating the car at the time, it was also used by others than affiant, and it was not being used in violation of Chapter 3, Title 11, Code of 1942. Trial was had before the judge, without a jury.

Section 2618, Code 1942, among other things, provides that: "But all vehicles, conveyances, or other means of transportation above described, kept and used in handling of liquor or otherwise violating the provisions of this chapter may be first seized by such sheriff, or other lawful officer, who shall immediately make com-

plaint under oath before the proper officer, or court, stating the facts connected with said seizure by him, giving the name or names of the person or persons found in possession or control of each article taken that was being used in transportation as well as the intoxicating liquors, or drinks and appliances or other articles seized and taken by him, and also giving the name of the owner of each article, if the same is known to him.'' Serious doubt arises as to the sufficiency of the declaration in supplying the allegata required by this statute. We bypass that question, preferring to put our decision upon another ground, although appellant's demurrer to such effect was overruled.

The car was ordered sold by the trial court, after hearing the evidence disclosing the facts set out hereinabove. From this judgment, appellant brought the case here, and claims such action of the court was error.

The attorney general bases his argument for affirmance upon such cases as Toliver v. State, 133 Miss. 789, 98 So. 342, wherein, in part, we held an officer, making an arrest of a person charged with crime, may search such person, and take from him such things as are connected with the crime for which he is arrested, or goods indentifying the criminal, or weapons or other things that would aid the arrested person in making an escape, as such property as he may not under any circumstances lawfully possess. Where a person, when lawfully arrested, is riding in an automobile, which is under his control, and which could be used in making an escape, should opportunity present itself to make escape, the officer may take charge of and search the automobile, and may seize whiskey found therein, and, on trial for violation of the law relating to intoxicating liquors, evidence so found is admissible on such trial.

At once, it will occur to one reading our views above, that this was not a search of appellant's person, the whiskey was in nowise connected with the assault and battery at Duck Hill, was not stolen goods identifying

appellant as the criminal suspected in the search warrant therefore, he was not riding in the automobile at the time, and could not have used it as a means of escape, because the officers had the keys. Manifestly such cases are not in point.

██ ██ On the other hand, we think the adjudication rests upon our decisions in cases like Boyd v. State, 206 Miss. 573, 40 So. (2d) 303, and Bone v. State, Miss., 43 So. (2d) 571. In the Bone case, we approved the exclusion of testimony of officers who opened a car and searched it without a warrant so to do, but we approved admitting the testimony of another officer as to what he saw in the car, from the outside, without committing any trespass as to it, such as unlocking the trunk, or opening the doors thereof. In the case at bar, the officers, in their zeal to enforce the law as they saw it, did trespass upon the lawful rights of appellant and transgress the bounds of their legal authorization. In the Boyd case, we held that where officers entered and searched a defendant's premises under the theory that they were acting under a valid warrant, and searched defendant's automobile as an incident to search of premises, officers could not justify search of automobile, after warrant was declared invalid, by relying upon a statute authorizing search of automobiles without warrant to seize intoxicating liquors being transported by automobiles. Section 2615, Code 1942. In the case at bar, there was no search warrant for intoxicating liquors at all, valid or invalid; none for the automobile, which was parked; and no information whatever previously given the officers that it was being used in transporting liquor. It was not in operation.

Amendment Article 4 of the Constitution of the United States and Section 23 of the Mississippi Constitution of 1890, both provide for the security of the people in their persons, houses and possessions from unreasonable seizures and searches, and that no warrant shall issue without probable cause, supported by oath or affirmation,

specially designating the place to be searched and the person or thing to be seized.

Section 2615, Code 1942, sets out the duty of an officer with reference to vehicles in which he believes liquor is being transported. There is nothing in this statute which would justify the search of the automobile in this case. In the case of Sellers v. Lofton, 149 Miss. 849, 116 So. 104, we held that an officer making search of automobiles for intoxicating liquors, without warrant, must, before search is begun, have reason to believe, and must believe, law was being violated. There is no claim in the case at bar of any justification by such belief prior to the search.

It is true that search warrants are in the nature of criminal process and may be invoked only in the furtherance of public prosecutions, and that statutes providing for their issuance and execution are sustained, under constitutional provisions forbidding unreasonable search and seizure, only as a necessary means in the suppression of crime and the detection and punishment of criminals. "Search warrants have no relation to civil process or trials and are not available to individuals in the course of civil proceedings, nor for the maintenance of any mere private right." 47 Am. Jur., Searches and Seizures, Section 4, Page 504.

However, it is equally true here that although the pleadings in the case at bar are in civil form, the confiscation of the car sought is truly a part of the penalty for a crime, which may be invoked by the peace officer in addition to the fine or imprisonment imposed for the underlying criminal offense. It is all found under Chapter 3, Title 11, Code 1942, dealing with criminal violations of the prohibition laws of this State. While the form of procedure, as stated, is civil, the jurisprudence is criminal. Therefore, this search of appellant's automobile comes under the constitutional and statutory rules of this State in that behalf, as construed by this

Court. ■■ ■ The statute invoked here is highly penal and to be strictly construed against the State.

We reverse the judgment of the trial court, dismiss the complaint of the sheriff, and direct that the car be restored to appellant.

Reversed and judgment here for appellant.