STATE for Use BROOKS *v.* WYNN, et al.

Feb. 11, 1952.

No. 38234 (56 So. (2d) 824)

W. P. Searcy, for appellant.

Johnson & White, for appellees.

**Ethridge, J.**

Appellant, B. C. Brooks, brought this action in the Circuit Court of Holmes County against Ellis E. Wynn, Sheriff of that county, Maryland Casualty Company, surety on the sheriff's official bond, and George L. Bailey, Deputy Sheriff of Holmes County, for damages resulting from an unlawful search, seizure, and detention of appellant's automobile.

Appellee Bailey and other officers on February 7, 1949, searched appellant's cafe in which he had living quarters,

under a search warrant covering the dwelling house and outhouses for stolen goods, but no stolen goods were found. Appellant was arrested at the same time on a warrant from Montgomery County, charging him with assault and battery with intent to kill and murder in that county. After the officers had searched appellant's cafe building without finding any stolen goods, appellee Bailey, deputy sheriff, walked out to appellant's automobile, which was parked 15 or 20 feet from the building, apparently in the driveway, and searched it for the stolen goods, and in the trunk found a quantity of whiskey. Bailey testified that he was looking for stolen goods, that he had no search warrant for the car, and that he then seized the car because "it was used in transporting liquor and had the liquor in it at the time". He said that he would not have seized the car if he had not found whiskey in it; that "I didn't have anything against the car until I found the whiskey in it"; that he and the officers were searching for stolen goods and a pistol used in the assault and battery; and that he seized the car because he found it had whiskey in it. Appellant admitted in his testimony that his main business at his cafe was selling liquor.

Appellees then turned the car over to the Sheriff of Montgomery County so that it could be taken by him to the scene of the assault and battery and witnesses could ascertain whether it was the car driven by the assailants. The seizure of appellant's automobile by appellees Wynn and Bailey occurred on February 7, 1949. The Sheriff of Montgomery County kept the car for a week or ten days and then returned it to appellees. Shortly thereafter, apparently within about two months, Sheriff Wynn instituted proceedings in the Circuit Court of Holmes County under Code of 1942, Secs. 2618-2619, charging that appellant's automobile had been used in the unlawful transportation of intoxicating liquor, and asking for a writ of seizure and for a forfeiture and sale of the car. That case was tried at the October 1949 term of the

Circuit Court, and judgment was rendered for the sheriff, ordering the sale of the car. On May 8, 1950, this Court reversed that judgment and rendered judgment for Brooks, appellant here. Brooks v. Wynn, Sheriff, 1950, 209 Miss. 156, 46 So. (2d) 97. It was there held that the officers had no warrant to search the car for anything, that they had no probable cause to believe that the car was used in transportation of liquor, and that the search was unlawful and a trespass upon the lawful rights of Brooks. Parenthetically, a conviction of appellant for assault and battery with intent, in the Circuit Court of Montgomery County, was reversed by this Court in Brooks v. State, 1950, 209 Miss. 150, 46 So. (2d) 94, in part on the ground that the seizure of appellant's automobile on February 7, 1949 was unlawful, and hence the trial court should not have admitted the sheriff's comparison of a tire on the car with tracks observed at the scene of the crime.

In July, 1950, appellant Brooks filed the present action against appellees, seeking damages for the unlawful seizure of February 7, 1949, and the subsequent detention of his automobile. On the trial appellant abandoned all claims for punitive damages, for damages to his good name and reputation, loss of credit, and money spent in defending the criminal prosecution in Montgomery County. He stated he was only seeking actual damages for the seizure of his car. After hearing considerable testimony, the court gave appellees a peremptory instruction.

On the issue of liability, appellant was entitled to the directed verdict which he requested. It is not necessary to consider whether the decision in the condemnation proceedings in 1950, referred to above, is res judicata as to any or all of the appellees, because we think that the testimony renders it manifest that Deputy Sheriff Bailey, appellee, had no probable cause to believe that the car was being used in transportation of liquor. And no part of the evidence coming to the knowledge of the officer as a result of the search can have any bearing on

that proposition. The prior case of Brooks v. Wynn, supra, is a precedent in the sense of stare decisis on this point, as are numerous other decisions by this Court. Sellers v. Lofton, 1928, 149 Miss. 849, 116 So. 104; King v. State, 1928, 151 Miss. 580, 118 So. 413; Lenoir v. State, 931, 159 Miss. 697, 132 So. 325; see also Boyd v. State, 1949, 206 Miss. 573, 40 So. (2d) 303; Martin v. State, 1941, 190 Miss. 898, 2 So. (2d) 143. Hence the search and seizure of appellant's automobile were unlawful, and appellees are liable for any damages proximately resulting from those actions.

On the issue of damages, however, appellant wholly failed to prove any actual damages resulting from the unlawful search, seizure and detention of his car. Attorneys' fees and expenses of litigation are not available, because appellant abandoned any claim that the seizure was malicious, and unless the element of malice is present, warranting punitive damages, this item of damages is not available. Yazoo & M. V. R. R. Co. v. Consumers' Ice & Power Co., 1915, 109 Miss. 43, 67 So. 657; Kalmia Realty & Insurance Co. v. Hopkins, 1932, 163 Miss. 556, 141 So. 903; Cooper v. United States Fidelity & Guaranty Co., 1939, 186 Miss. 116, 188 So. 6.

Nor can appellant recover damages against appellees for the alleged loss of his business in Durant. His arrest and confinement in jail were under the warrant from Montgomery County on the charge of assault and battery with intent, and any such loss which might have occurred resulted from that fact, and not from the appellees' seizure of appellant's automobile. And damages for appellant's expenses incurred in purchasing a truck after he got out of jail are not allowable. They are too remote and speculative; and the seizure had no causal relationship to that cost.

Appellant also charged that because of the unlawful seizure of his automobile and his confinement in jail he lost the car to the lending agency holding a conditional sale lien on it, and that as a result thereof he

suffered a loss of $1,675.90, which included the amount he had already paid on the car and a balance he owed on the purchase price. But the record does not support appellant's claim that he lost his car by reason of appellees' seizure of it. He testified that he did not make the payments on the car (and, therefore, it was repossessed) because he was advised by an officer of the financing agency not to do so. He admitted that he had the money to make the payments on it. Hence there is no causal relationship between appellees' seizure of the car and these alleged damages, since appellant admitted that his own actions were responsible for that loss. It appears that appellee Wynn retained appellant's car for about fifteen months prior to the final decision of this Court in the condemnation suit, but appellant failed to prove any reasonable rental value for the car for this period, and failed to show during what portion of these fifteen months appellee Wynn detained the car under the authority of a writ of seizure from the court. It appears that for most of this period appellees held the car under a court order. Moreover, during at least six weeks of the remainder of the detention period, appellant was in jail in Montgomery County. For these reasons appellant wholly failed to show that he had suffered any actual damages, and of course the burden of proof on that issue was upon him. The trial court should have sustained appellant's motion for a directed verdict on the issue of liability, and should have allowed him nominal damages, which we here fix at $10.00.

Reversed and judgment rendered for appellant with nominal damages.

**McGehee, C. J.,** and **Lee, Arrington** and **Holmes, JJ.,** concur.