# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01271-COA

**SERGIO SEBASTIAN GONZALEZ A/K/A**         **APPELLANT**
**SEBASTIAN GONZALES A/K/A SERGIO S.**
**GONZALEZ A/K/A SERGIO SEBASTAIN**
**GONZALEZ**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2016 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK M. RAND |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | J. TRENT KELLY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 11/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND WESTBROOKS, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Sergio Sebastian Gonzalez was convicted of felony aggravated assault and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Gonzalez appeals, claiming that the trial court committed reversible error by allowing the prosecution to enter a medical screening form into evidence. Finding no abuse of discretion or reversible error, we affirm.

¶2.     Gonzalez and Gina Rodriguez were married in 2010. By 2014, the couple had separated and were contemplating divorce. On August 9, 2014, Gonzalez went to Gina's

house in violation of a protective order. Upon entering the home, he saw Andres Gonzalez sitting on the couch in a state of undress. Gina and Andres began seeing each other while Gina was still living with Gonzalez.

¶3.     Gonzalez testified that when he walked in, Andres stated, "Here I am. Do you want something from me?" Gonzalez is 5'3" tall, and weighs 136 pounds, while Andres is 5'8" tall, and weighs approximately 185 pounds. Gonzalez then went to the kitchen and grabbed two kitchen knives. A struggle followed, and Andres suffered stab wounds to the right side of his head, his side, his back, and several lacerations to his arms. He also suffered a collapsed lung. As a result, Andres was airlifted to North Mississippi Medical Center. Four days after the incident, Gonzalez voluntarily turned himself in to the authorities and was charged with aggravated assault.

¶4.     Gonzalez testified in his own defense. On cross-examination, he claimed that he attacked Andres in self-defense and had been left with bitemarks on his arms and bruises from the struggle – though he admitted they had been inflicted after he stabbed Andres. The prosecution called as rebuttal witnesses Lynn Parrish and Tyler Reed, the jailers who prepared Gonzalez's booking paperwork at the jail. Parrish, whose testimony was corroborated by Reed, testified that while booking Gonzalez into jail, she did not observe any bitemarks or bruising. The prosecution presented a medical screening form, which was unsigned, undated, and the majority of it left blank. Parrish testified that she had asked Gonzalez the questions contained in the form, but because he answered them all in the

2

negative, and because she did not observe any cuts or bruises on him, she did not mark anything on the medical form.

### DISCUSSION

#### 1. Discovery Violation

¶5. Gonzalez contends the medical form was not produced to defense counsel during discovery, and therefore, should not have been entered into evidence at trial. When reviewing whether a discovery violation has occurred, it must first be noted that the decision to admit or exclude evidence is left to the trial court's discretion. *Carpenter v. State*, 132 So. 3d 1053, 1055 (¶5) (Miss. 2013). The same standard applies to violations of the Mississippi Uniform Rules of Circuit and County Court Practice 9.04[1] and to a trial court's denial of motions for continuance or mistrial. *Payton v. State*, 897 So. 2d 921, 942 (¶67) (Miss. 2003); *see also Hurst v. State*, 195 So. 3d 736, 744 (¶20) (Miss. 2016).

¶6. Rule 9.04 provides that if the prosecution attempts to introduce evidence that has not been disclosed according to the rule and the defense objects, the court shall:

> 1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
>
> 2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a

---

[1] The URCCC rules related to criminal procedure were superseded by the Mississippi Rules of Criminal Procedure. However the former rules apply here because they were in effect at the time of the proceedings in this case.

continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.

3. The court shall not be required to grant either a continuance or a mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.

URCCC 9.04(I).

¶7. This Court has held that when faced with a discovery violation, the trial court should follow the procedure set out in *Box v. State*:[2]

1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness inspecting the evidence, etc.

2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.

The record demonstrates that defense counsel objected to the medical form being received into evidence:

STATE:          Your Honor, we would move at this time that State's Exhibit S-16 be received into evidence.

THE COURT:      Any objection?

MR. RAND:       Your Honor, I do offer an objection. That document was not provided during the course of discovery. Certainly it's been available since the booking date of August 9, 2014. Therefore, we object to it being untimely.

THE COURT:      State?

---

[2] *See Box v. State*, 437 So. 2d 19 (Miss. 1983).

| STATE: | Your Honor, this is a rebuttal witness. Up until now, there's been no indication he was claiming injuries. |
|---|---|
| THE COURT: | I concur. The objection will be overruled. It'll be received as S-16. It is rebuttal evidence. |

The record does not, however, reflect whether the defense had a reasonable opportunity to interview Parrish during this exchange as required by Rule 9.04 or whether defense counsel was given an opportunity to review the blank medical form before the proceedings resumed. Regardless, defense counsel did not claim unfair surprise or seek a continuance or mistrial. This Court has previously held that "it is the responsibility of defense counsel to request a continuance if unfairly surprised and, if requested, the trial court should almost certainly grant it." *Wooten v. State*, 811 So. 2d 355, 366 (¶30) (Miss. Ct. App. 2001). Because Gonzalez failed to ask for a continuance, this issue has been waived.

¶8. Procedural bar notwithstanding, any error of the medical form's admission would be harmless.[3] Andres and Gina both testified that Gonzalez attacked Andres. Further, both jailers testified that Gonzalez arrived at jail with no injuries.

### 2. Medical Form as Improper Rebuttal Evidence

¶9. Gonzalez next claims that he was "ambushed" with the medical form on rebuttal. He argues that the medical form was improper rebuttal evidence and should have been presented in the State's case-in-chief.

---

[3] *Smith v. State*, 136 So. 3d 424, 435 (¶26) (Miss. 2014) (citing *Young v. State*, 99 So. 3d 159, 165 (¶20) (Miss. 2012)) ("Errors in the admission of evidence are subject to a harmless-error analysis.").

¶10. The "purpose of rebuttal testimony is to explain, repel, counteract or disprove evidence by the adverse party." *Towner v. State*, 837 So. 2d 221, 226 (¶17) (Miss. Ct. App. 2003) (quoting *Williams v. State*, 539 So. 2d 1049, 1051 (Miss. 1989)). The trial court has discretion to determine whether evidence is properly admitted as rebuttal evidence. *Id*. (citing *Wakefield v. Puckett*, 584 So. 2d 1266, 1268 (Miss. 1991)).

¶11. Gonzalez never objected to the medical form as improper rebuttal evidence, so he is barred from raising this issue on appeal. *See Dunaway v. State*, 919 So. 2d 67, 74 (¶23) (Miss. Ct. App. 2005). Even so, the medical form was proper rebuttal evidence. During his case-in-chief, Gonzalez testified that Andres grabbed his neck and hands and pushed him toward the wall. He also stated that Andres bit his hands. This testimony prompted the State to ask about Gonzalez's alleged injuries on cross-examination. Gonzalez testified that he suffered bruises and a bite mark on his arm. On rebuttal, the State called the two jailers as witnesses, which led to the entry of the medical form. We find that the State properly used its rebuttal to disprove Gonzalez's testimony that he suffered injuries from the altercation. Accordingly, we find no merit to Gonzalez's argument.

### 3. Medical Form's Admission into Evidence

¶12. Finally, Gonzalez claims that "because the [m]edical [f]orm was not actually filled in or otherwise completed, it should never have been admitted into evidence for the jury to use as substantive proof that [he] did not sustain any injuries."

¶13. This issue was never raised in the trial court. Our supreme court has repeatedly held

6

that "an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." *Byrom v. State*, 863 So. 2d 836, 853 (¶35) (Miss. 2003) (quoting *Acker v. State*, 797 So. 2d 966, 967 (¶18) (Miss. 2001)). Further, Gonzalez cites no legal authority for his argument. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Id*. (quoting *Simmons v. State*, 805 So. 2d 452, 487 (¶90) (Miss. 2001)). Thus, we need not address Gonzalez's final argument.

¶14. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**