743 So.2d 1050 (1999)
William Jones CAMPBELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00074-COA.
Court of Appeals of Mississippi.
June 8, 1999.
*1051 William Andy Sumrall, Jackson, Attorney for Appellant.
Office of the Attorney General By Jeffrey A. Klingfuss, Attorneys for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This matter is before the Court challenging the judgment of the Madison County Circuit Court of conviction of one count of securities fraud in violation of Miss.Code Ann. § 75-71-501 (Rev.1991), a part of the Mississippi Uniform Securities Law. After the entry of a guilty plea by Campbell, he was sentenced to four years in the custody of the Mississippi Department of Corrections to run consecutive with the sentence imposed by the United States District Court for the Northern District of Texas, Fort Worth Division, in a separate federal securities matter. Feeling aggrieved, Campbell perfected this appeal raising the following two issues for our review:
I. WHETHER MISS. CODE ANN. § 99-11-27 BARRED STATE PROCEEDINGS AGAINST CAMPBELL
II. WHETHER THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT TO WITHDRAW HIS GUILTY PLEA BASED ON THE TRIAL COURT'S FAILURE TO ABIDE BY THE PLEA BARGAIN AGREEMENT GUARANTEED BY THE STATE OF MISSISSIPPI
Based on our review of the record and applicable authority, we find Campbell's assignments of error to be wholly without merit. Accordingly, we affirm the conviction and sentence.

FACTS
¶ 2. On August 16, 1995, Campbell and two other individuals were indicted by the Madison County Grand Jury on two counts of securities fraud, two counts of mail fraud, and one count of conspiracy to commit securities fraud. Subsequently, Campbell entered a plea of guilty to one count of securities fraud. As part of the plea agreement, the prosecution agreed to recommend to the trial court that any sentence of incarceration for the Mississippi conviction run concurrently with any sentence imposed in the pending federal case against Campbell in Texas.
¶ 3. While awaiting sentencing on his Mississippi conviction, Campbell's Texas case was disposed of by the entry of a guilty plea, and he received a sentence of seventy months in the custody of the Federal Bureau of Prisons. After failing to appear for his sentencing hearing in Mississippi, a writ was issued by the trial court below ordering Campbell be brought from his place of federal confinement to Madison County for sentencing. On his return, Campbell was sentenced to four years in the custody of the Mississippi Department of Corrections to run consecutively with his federal sentence. It is from this sentence that Campbell lodged this appeal.

ANALYSIS AND DISCUSSION

Preliminary Jurisdictional Matter
¶ 4. In his brief on behalf of the State, the Attorney General urges that *1052 Campbell's appeal should be dismissed because he is not allowed to bring a direct appeal of a guilty plea. In the alternative, the Attorney General maintains that if Campbell's appeal is disposed of on the merits, then this "appeal" of the guilty plea should be treated as a petition for post-conviction relief and decided accordingly.
¶ 5. It is well-settled that where a defendant pleads guilty to a crime and seeks to challenge that plea of guilty on direct appeal, this Court is without jurisdiction to consider that appeal. Miss.Code Ann. § 99-35-101 (Supp.1998); Berry v. State, 722 So.2d 706, 707 (Miss.1998). However, our supreme court has held that where a defendant who pled guilty appeals his sentence arising from that plea, then the appellate courts can properly take jurisdiction. Trotter v. State, 554 So.2d 313, 314 (Miss.1989).
¶ 6. Therefore, we find that Campbell's appeal here amounts to a challenge of his sentence, and not to the validity of his plea of guilty. Thus, we decline the Attorney General's request to dismiss this appeal or in the alternative dispose of this matter as if it were a petition for post-conviction relief, and we proceed to the merits of Campbell's claim.

I. Whether Miss.Code. Ann. § 99-11-27 Barred State Proceedings Against Campbell
¶ 7. First, Campbell maintains that an obscure Mississippi legislative enactment, first passed in 1848 and not revised since 1871,[1] provided a statutory bar to the proceedings against him in Mississippi. We disagree. The statute on which Campbell relies provides:
Every person charged with an offense committed in another state, territory, or country may plead a former conviction or acquittal for the same offense in such other state, territory, or country; and, if such plea be established, it shall be a bar to any further proceedings for the same offense here.
Miss.Code Ann. § 99-11-27 (Supp.1998). In short, Campbell maintains that his conviction and sentence in Texas federal court was for the same offense for which he was adjudicated guilty in Mississippi. Accordingly, Campbell asserts that § 99-11-27 bars the state proceedings. Our review of the statute and the one judicial interpretation of the statute leads us to conclude that Campbell's argument is without merit. Accordingly, we overrule this assignment of error.
¶ 8. Campbell's argument requires a brief review of the concept of dual sovereignty:
The Dual Sovereignty doctrine recognizes that more than one offense results where a single criminal act violates the laws of more than one State or a State and the Federal Government. When such is the case, the defendant is not subjected to double jeopardy in successive prosecutions by the separate sovereigns for the same criminal act. The [U.S.] Supreme Court has held that: the crucial determination is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. This determination turns on whether the two entities draw their authority to punish the offender from distinct sources of power.
Brown v. State, 731 So.2d 595 (¶ 12) (Miss. 1999) (citing Heath v. Alabama, 474 U.S. 82, 86, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985)). Clearly, Mississippi and the United States derived the dominion to punish Campbell from two discernable sources of authority: the Mississippi criminal code and the federal criminal code. Thus, while the acts committed by Campbell may have arisen out of the same set of facts and circumstances, the acts constituted violations of the laws of two separate sovereigns.
*1053 ¶ 9. Further, as is found in our decisional law interpreting § 99-11-27, the statute relied on by Campbell does not apply to federal convictions. Evans v. State, 725 So.2d 613, 659 (Miss.1997). Further, the guilty plea in Madison County was entered before the disposition of the federal charges in Texas, and the Mississippi fraud victims were not included in the federal indictment. Thus, Campbell's argument is without legal merit and is overruled.

II. Whether The Trial Court Erred in Not Allowing The Appellant to Withdraw His Guilty Plea Based on The Trial Court's Failure to Abide by The Plea Bargain Agreement Guaranteed by The State of Mississippi
¶ 10. Second, Campbell alleges that the trial court erred in not allowing him to withdraw his Madison County guilty plea after the trial court failed to follow the recommendation of the prosecution that the sentences in the Texas case be concurrent with any sentence received in Mississippi. The Mississippi Supreme Court has held that a defendant is not entitled to withdraw a plea of guilty where the trial court declines to follow the prosecutor's sentencing recommendation when he was informed that the trial court was not bound by the prosecution's recommended sentence. Martin v. State, 635 So.2d 1352, 1354 (Miss.1994).
¶ 11. Turning to the plea petition signed by Campbell and verified by his attorney of record at the time the plea was entered, it is beyond argument that Campbell knew that the trial court was not bound by the prosecutor's recommendation as to the sentence in this case. We quote directly from ¶ 10(a) of the plea petition:
I understand that the prosecutor handling this case will make recommendation to the Court as to a sentence in the event my guilty plea is accepted and in the event it is determined that I have made full and truthful responses to each and every paragraph in this Petition. The recommendation as it has been explained to me and as I understand it is as follows: three years to serve with the Mississippi Department of Corrections, on each count to run concurrent with each other, and to run concurrent with any sentence handed down in federal court. I understand that there are no side agreements or other promises made to me in connection with this plea and I represent to the Court that there are none. I understand that the State's recommendation is not binding on the Court; and that while the recommendation will be considered, the Court is not obligated to accept it. I further understand that if my guilty plea is accepted, the Court will determine and impose the sentence it deems appropriate and just under all of the circumstances of the case regardless of the recommendation; and that I will be sentenced just as if I had pled "Not Guilty" and had been found guilty by a jury. I also understand that if the sentence I receive is more severe than that recommended by the State, even if it is the maximum authorized by law, I will be bound by my guilty plea, will not be permitted to withdraw it and will consequently be required to serve and satisfy whatever sentence I receive.
This portion of the plea agreement establishes beyond any doubt that Campbell knew full well that the trial judge was not bound by the sentencing recommendation of the prosecution, which was three years to run concurrently with any federal conviction. With Campbell's knowledge of the non-binding nature on the trial court of the prosecutor's recommended sentence established, we briefly look to the length of the sentence imposed by the trial court in this case.
¶ 12. Miss.Code Ann. § 75-71-735 (Rev. 1991) is the penalty provision for violations of Chapter 71 of the Mississippi Uniform Securities Act, which includes Miss.Code Ann. § 75-71-501, the provision to which Campbell pled guilty in this case. Miss. Code Ann. § 75-71-735 (Rev.1991) provides *1054 for a sentence of not more than five years and/or a fine not to exceed $25,000. In the case sub judice, the circuit court sentenced Campbell to a term of four years in the custody of the Mississippi Department of Corrections, to run consecutively to his federal sentence.
¶ 13. The law is clear with regard to the scope of our review regarding sentences imposed by our trial courts: this Court will not disturb a sentence on appeal unless there is a successful proportionality argument or unless the sentence is not within the statutory limits set by the Mississippi Legislature. Hopson v. State, 625 So.2d 395, 404 (Miss.1993). As Campbell did not raise a proportionality argument, we need not consider this issue. Further, the four year sentence imposed by Judge Goza against Campbell in this case was within the statutory limits of the applicable penalty provision of the Mississippi Securities Act. As such, the sentence was appropriate. Accordingly, Campbell's assignment of error with regard to his sentence is without merit and is overruled.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF ONE COUNT OF SECURITIES FRAUD AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVE WITH THE SENTENCE IN CASE NUMBER 4:96-CR-033-Y IMPOSED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
NOTES
[1] See Hutchinson's Code, Chapter 59, § 2881.