SOUTHWICK, P.J.,
for the Court:
¶ 1. This is an appeal from the denial of post-conviction relief. We agree with the lower court that the petitioner previously filed for such relief and is now barred from relitigating these questions.
*411 STATEMENT OF THE FACTS
¶ 2. Smith pled guilty in 1998 to five counts of receiving property by false pretenses. He was sentenced to five terms of three years imprisonment with each to run consecutively. Besides the total fifteen year sentences, Smith was ordered to make restitution of nearly $19,363.36.
¶ 3. The appellate record does not contain the pleadings and orders that predate the present proceedings, but the copy of the general docket that is included reveals that Smith filed a motion for post-conviction relief on February 4, 1999, which was denied on March 2, 1999. On July 15, 1999, Smith filed a second motion for post-conviction relief which was denied on August 25. Smith failed to perfect an appeal from either denial.
¶ 4. On January 18, 2000, Smith filed yet another pleading. He styled this a “motion to hold notice of appeal and motion to proceed in forma pauperis in abeyance.” Additionally, on that same day he filed yet another pleading for post-conviction relief entitled “writ of error coram nobis and motion from relief from order.” The circuit court dismissed both of these motions. Concerning the motions to hold in abeyance the notice of appeal and to proceed in forma pauperis, the circuit court stated that it was “unable to grant the relief sought since the Circuit clerk has never received a Notice of Appeal and /or Motion to Proceed In Forma Pauperis from the Petitioner and thus none has been filed.” Concerning the writ of error coram nobis, the circuit court stated it was a subsequent filing to that already ruled upon on August 25, 1999. Consequently the new motion was dismissed.
DISCUSSION
¶ 5. Our post-conviction relief statute provides the sole state procedural avenue for collateral attack on a conviction. Walker v. State, 555 So.2d 738, 740 (Miss. 1990); Miss.Code Ann. § 99-39-1, et seq. A final judgment on a motion for post-conviction relief precludes a later motion again seeking such relief. Miss.Code Ann. § 99-39-27(9) (Rev.2000). A failure to seek a timely appeal of the trial court’s judgment makes it as final as any other judgment.
¶ 6. In this case, the circuit court issued an order adjudicating the merits of Smith’s post-conviction relief claims on February 4 and then on August 25,1999. Smith failed to perfect an appeal. A statute provides a few exceptions to the successive motion bar:
Excepted from this prohibition is a motion filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict’s supervening insanity prior to the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-23(6) (Rev.2000).
¶ 7. Smith’s claims are that he was coerced into pleading guilty by the prosecutor’s off-the-record threat to indict him as a habitual offender if he did not so plead, and that his counsel was ineffective because the State’s alleged failure to provide a speedy trial was not raised. These grounds are not within any of the statutory exceptions. The trial judge did not err in dismissing the motion.
*412 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LOWDNES COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., concur.