**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60387

WILLIAM SMITH, JR.,

Petitioner – Appellant,

VERSUS

ROBERT L. JOHNSON, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; SHERIFF OF LEAKE COUNTY, MISSISSIPPI, WARDEN OF LEAKE
COUNTY CORRECTIONAL FACILITY,

Respondents – Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi

(1:01CV4-D-D)

March 28, 2002

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On October 13, 1998, William Smith, Jr. pleaded guilty in Mississippi state court to five

counts of receiving property by false pretenses. He was sentenced to serve five consecutive three-

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

year terms in the custody of the Mississippi Department of Corrections and ordered to make restitution in the amount of $19,363.36. Smith did not file a direct appeal from his conviction or his sentence.[1]

Smith filed a motion for post-conviction relief ("PCR") in state court on February 4, 1999; the circuit court denied the motion on March 2, 1999. On July 15, 1999, Smith filed a second PCR motion, which was dismissed on its merits on September 8, 1999. Smith sought relief a third time on January 18, 2000. The circuit court dismissed the motion, finding that it was a subsequent filing to the motion it dismissed in September 1999. Smith appealed; on December 12, 2000, the Mississippi Court of Appeals affirmed the dismissal on the grounds that Smith's PCR motion was successive and that his claims did not fall within one of the few statutory exceptions to the successive motion bar.[2]

Smith then applied for federal habeas relief, contending that he was not informed of the charges against him, that there was no factual basis for two counts to which he pleaded guilty, that the restitution imposed on him was excessive, and that he received ineffective assistance of counsel. He certified that he placed his habeas application in the mail on December 27, 2000. The district court dismissed the application as time-barred on April 16, 2001, and later denied Smith a certificate of appealability ("COA"). But, on August 3, 2001, a member of this court granted Smith a COA on

---

[1]    Although Mississippi law does not permit an appeal from a conviction by guilty plea, the defendant who pleads guilty can appeal from the sentence imposed. *See Campbell v. State*, 743 So. 2d 1050, 1052 (Miss. Ct. App. 1999).

[2]    *Smith v. State*, 773 So. 2d 410, 411 (Miss. Ct. App. 2000).

-2-

the issue whether the district court erred when calculating the limitations period.[3] The August 3 order

instructed the parties to brief the issue whether a conviction by guilty plea in Mississippi becomes final

for purposes of the limitations provision of 28 U.S.C. § 2244(d) on the date that the plea is entered,

as a guilty-plea conviction cannot be appealed,[4] or upon expiration of the 30-day period during which

an appeal from a sentence imposed following conviction by guilty plea may be taken.[5]

Generally, a person in custody pursuant to the judgment of a state court has one year from

the date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review to file his federal habeas application.[6] "The time during which a

properly filed application for State post-conviction or other collateral review with respect to the

---

[3] A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the merits of the application, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for Smith's substantive claims of the denial of constitutional rights, this court granted COA on his contentions that: (1) the trial court accepted his guilty plea without ascertaining that he understood the nature of the charges against him; (2) the trial court accepted his plea without establishing a factual basis for it; and (3) his counsel persuaded him to plead guilty by telling him that he would receive a certain sentence regardless of anything else he was told. The court granted COA because Smith's contentions could not be addressed without review of the state-court record.

[4] MISS. CODE ANN. § 99-35-101 (2000). *See Phillips v. Donnelly*, 216 F.3d 508, 509–10 (5th Cir. 2000) ("Under Miss. Code Ann. § 99-35-101, a criminal defendant who pleads guilty has no right to appeal his conviction.").

[5] *See Campbell*, 743 So. 2d at 1052. *See also* MISS. R. APP. P. 4(a) (West 2001) (establishing the 30-day period).

[6] 28 U.S.C. § 2244(d)(1)(A). The "exceptions" to this general rule, § 2244(d)(1)(B)–(D), are not applicable to the present case.

pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."[7] Although this court has not determined when a conviction by guilty plea in Mississippi becomes final for federal habeas limitations purposes, we do not have to decide this issue today because Smith's application was filed untimely under both possibilities identified in this court's August 3 order granting COA.

Smith's limitations period was tolled 26 days during the pendency of his first PCR motion, 55 days during the pendency of the second PCR motion, and 329 days during the pendency of his third motion, for a total of 410 days. If October 13, 1998, the date of conviction and sentencing, is the date on which the limitation period began, then Smith used 396 days before filing his federal application (114 days between the date the conviction became final and the filing date of the first PCR motion; 135 days between the denial of the first PCR motion and the filing of the second motion; 132 days between the denial of the second PCR motion and the filing of the third motion; and 15 days between the denial of the third PCR motion and the filing of the federal application). If November 12, 1998 is the relevant date, which reflects expiration of the 30-day period for direct appeal of Smith's sentence, then he used a total of 366 days (84 days between the date the conviction became final and the filing date of the first PCR motion; 135 days between the denial of the first PCR motion and the filing of the second motion; 132 days between the denial of the second PCR motion and the filing of the third motion; and 15 days between the denial of the third PCR motion and the filing of the federal application), one day more than the one-year limitation period, before he submitted his federal habeas application on December 27, 2000.

Thus, under either method, Smith's federal petition was untimely. Accordingly, we AFFIRM

---

[7]   *Id.* § 2244(d)(2).

the district court's dismissal of the petition as time-barred.

AFFIRMED.